Rita E. TRAYLOR, Individually and as Next
Friend of Dwayne Alan Traylor,
a Minor, Petitioners,

v.

Dr. Joseph C. GOULDING et al.,
Respondents.

No. B–3912.

Supreme Court of Texas.

July 11, 1973.

John H. Holloway, Houston, for petitioners.

Andrews, Kurth, Campbell & Jones, Frank B. Davis and Thomas L. Schubert, Houston, for respondents.

PER CURIAM.

This is an appeal from a medical malpractice suit initiated by the Petitioners against the Respondents.

On March 8, 1966 Dwayne Alan Traylor swallowed a small chicken bone. He was immediately taken to the hospital by Mrs. Traylor who had seen the incident; however, upon examination by Dr. Goulding, no abnormality was discovered. Because the child later experienced coughing, fever and poor breathing he was examined, treated and hospitalized on several occasions before the bone was actually discovered and removed from his lung on June 4, 1966.

The jury found that the failure of Dr. Goulding to take an x-ray of the child was negligence, and the jury found that the failure of Dr. Goulding to advise Mrs. Traylor of the possibility that the bone could be in the child's lung was negligence.

The jury failed to find that either of Dr. Goulding's omissions proximately caused any damage to the child. The jury also failed to find as facts certain omissions alleged against Dr. R. G. Smith. The trial court rendered judgment that Plaintiffs take nothing and the court of civil appeals affirmed.

Petitioners presented points of error to the court of civil appeals urging that the jury's negative findings or answers of "We do not" to the special issues above referred to, on which Petitioners had the burden of proof, were so against the great weight and preponderance of the evidence as to be wrong and unjust. In holding that these points presented nothing for the court to review, the court of civil appeals stated: "[T]he negative answer of the jury to such an issue need not be supported by affirmative evidence, and to complain on appeal of such an answer a party must contend that the evidence establishes the answer as a matter of law." 497 S.W.2d 468.

■ Petitioners contend that the court of civil appeals' holding in this regard amounts to an error of law in that it is a refusal by the court to exercise its fact-finding jurisdiction. We sustain this contention.

■ Although the question of whether or not the jury's answer to the special issue is against the great weight and preponderance of the evidence is one of fact on which the judgment of the court of civil appeals is final, this court must remand the cause to the court of civil appeals when that court's determination of the question is based on an erroneous view of the law. Puryear v. Porter, et al., 153 Tex. 82, 262 S.W.2d 933, 264 S.W.2d 689 (1954).

■ The jury's failure to find a fact vital to Petitioners' recovery need not be supported by affirmative evidence. However, when it is urged that the jury's failure to find a fact is so against the great weight and preponderance of the evidence as to be wrong and unjust, the fact-finding power of the court of civil appeals is invoked. The court of civil appeals held, in effect, that it could not exercise this jurisdiction when the jury's answers were in the negative. It reasoned that negative answers could be reviewed only when it was contended that the evidence required affirmative answers to the issues as a matter of law.

This decision of the court of civil appeals is in conflict with the opinion of this court in Parrish v. Hunt, 160 Tex. 378, 331 S.W.2d 304 (1960), wherein we held that points asserting that the jury's *negative* findings were so against the great weight and preponderance of the evidence as to be wrong and unjust "properly and adequately presented to the court of civil appeals the question of whether or not the answers of the jury . . . were so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and unjust." In that case, we stated further that the court of civil appeals was required to weigh all of the evidence and to remand the cause for a new trial if it concluded that the verdict was so against the great weight and preponderance of the evidence as to be manifestly unjust. See also In Re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951).

The writ of error is granted. In accordance with Rule 483, Tex.R.Civ.P., we reverse the judgment of the court of civil appeals without hearing argument, and we remand the cause to the court of civil appeals for its consideration consistent with this opinion.