Lonnie B. EDWARDS, Appellant,

v.

George TACKETT d/b/a George Tackett Pulpwood Company, Appellee.

No. 892.

Court of Civil Appeals of Texas, Tyler.

Oct. 20, 1977.

Greg W. Thrower, Vern J. Thrower & Assoc., Houston, for appellant.

Clayton E. Dark, Jr., Ralph M. Zeleskey, Zeleskey, Cornelius, Rogers, Berry & Hallmark, Lufkin, for appellee.

DUNAGAN, Chief Justice.

This suit was brought by appellant Lonnie B. Edwards, plaintiff below, for personal injuries he sustained when a portion of a load of pulpwood logs fell onto him from a passing pulpwood truck while he was working beside a logging road on private property in Panola County. Appellant worked for appellee. Appellee was cutting pulpwood for International Paper Company pursuant to contract. The truck in question (truck No. 29) was owned by appellee and operated on the occasion in question by one of appellee's employees, Eugene Edwards.

Appellant's basic contention at trial was that truck No. 29 had been overloaded in excess of the recommended carrying capacity on the occasion in question and on numerous occasions prior to the accident; that this overloading caused the truck's left front tire to blow out and the left front steering knuckle or spindle on the truck to break.

The case was submitted to the jury on special issues. The jury found in favor of the appellee on two vital issues:

"SPECIAL ISSUE NO. 1:

Do you find from a preponderance of the evidence that Defendant George Tackett required that truck 29 be continuously loaded with a weight of pulpwood logs which was in excess of the recommended carrying capacity of said truck?

Answer: We do not

"SPECIAL ISSUE NO. 4:

Do you find from a preponderance of the evidence Eugene Edwards loaded truck 29 with a weight of pulpwood logs which was in excess of the recommended carrying capacity of said truck?

Answer: We do not"

Having answered Special Issue No. 1 in the negative, the jury did not answer the negligence and proximate cause issues conditionally submitted thereon, nor did the jury answer the negligence and proximate cause issues submitted conditionally on the jury's answer to Special Issue No. 4.

The jury found that a third party, International Harvester Company, was negligent but answered that such negligence was not a proximate cause of the occurrence in question.

The jury found appellant's damages to be a total of $64,350.00.

Appellant made his motion to disregard the jury's answers to Special Issues Nos. 1 and 4 and also asked judgment n. o. v. in the amount of $29,350. Both motions were overruled.

Appellant asked for this amount because he had previously made a settlement with International Harvester Co. and Goodyear Tire and Rubber Co. for $35,000.00. Thus, the damage finding of $64,350.00 less $35,000.00 equals $29,350.00.

Thereafter the court entered judgment on the verdict, holding that appellant take nothing by his suit. Appellant made his motion for new trial which was overruled by operation of law.

Appellant presents two points of error, alleging that the trial court erred in overruling his motion for new trial for the reasons that the jury's answers to Special Issues 1 and 4 were manifestly unjust and contrary to the great weight and preponderance of the evidence.

We do not agree.

The issues submitted to the jury concerned whether the weight of pulpwood logs exceeded the "recommended carrying capacity" of the truck. No definition of recommended carrying capacity was requested and none was submitted. Such a term could possibly be subject to varying meanings, but we find that such term under these circumstances must reasonably be construed to mean what carrying capacity the manufacturer recommended. The testimony adduced at trial establishes the manufacturer's recommended carrying capacity was 22,500 pounds.

The testimony established that as a matter of course and also on this occasion approximately four cords of pulpwood were carried on a truck. Eugene Edwards testified that a cord of pulpwood logs weighed approximately 4,000 pounds. J. C. Wilson set the weight at about 5,200 pounds per

cord and George Tackett set the weight at about 5,800 pounds per cord. We believe that based on this evidence a jury could reasonably find that the appellant had not proved by a preponderance of the evidence that the pulpwood truck was continuously overloaded nor that truck 29 was overloaded on the day in question.

We have reviewed the entire record and have concluded that the verdict was not so against the great weight and preponderance of the evidence as to be manifestly unjust. *Traylor v. Goulding,* 497 S.W.2d 944, 945 (Tex.Sup.1973); *C & R. Transport, Inc. v. Campbell,* 406 S.W.2d 191, 194 (Tex. Sup.1966); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951); *Parrish v. Hunt,* 160 Tex. 378, 331 S.W.2d 304 (1960).

Judgment affirmed.