Hansel Kay **HERBERT**, Petitioner,

v.

Dorothy **HERBERT**, Respondent.

No. C–4986.

Supreme Court of Texas.

May 25, 1988.

Gayle E. Oler, Dallas, for petitioner.

Raymond D. Noah and Brenda B. Herrera, Raymond D. Noah & Associates, Richardson, Robert E. Hager and Roy L. Armstrong, Sallinger, Nichols, Jackson, Kirk & Dillard, Dallas, for respondent.

KILGARLIN, Justice.

Once more we confront the tension between the constitutionally guaranteed right of trial by jury and the constitutionally bestowed grant to courts of appeals that their decisions shall be conclusive on questions of fact. Dorothy Herbert sued her former husband, Hansel Kay Herbert, to collect one-half of his military retirement benefits pursuant to a property settlement agreement contained in their divorce decree. Hansel answered that Dorothy was not entitled to specific performance because she had materially breached the agreement by refusing to turn over to him certain items of his personal property.

Trial was to a jury, and the case, without objection from Mrs. Herbert, was submitted on one issue, with the burden of persuasion being placed on Mrs. Herbert. In its answer to that issue, the jury failed to find from a preponderance of the evidence that Dorothy Herbert had substantially complied with the duties and obligations required of her under the property settlement agreement. Accordingly, the trial judge rendered a take nothing judgment against Mrs. Herbert. The court of appeals reversed that judgment. 699 S.W. 2d 717. The basis of the court of appeals' action was its conclusion that the jury's answer was against the great weight and preponderance of the evidence. We reverse the judgment of the court of appeals and remand this cause to that court.

Hansel Kay Herbert argues that the court of appeals was not authorized to substitute its findings for the non-finding of the jury and because this was done he contends we are entitled to render judgment for him. We were presented but a little over two years ago with a similar contention in *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986), where complaint was made that the court of appeals in that case had impermissibly set aside a jury's failure to find certain acts of contributory negligence. Even though we concluded that courts of appeals were empowered to reverse and remand on the basis that the jury's non-findings were against the great weight and preponderance of the evidence, we pronounced certain guidelines to be followed by courts of appeals when reversing a trial court judgment on "factual insufficiency of the evidence" or "against the great weight and preponderance of the evidence" grounds.

At the outset, we observe that in writing its opinion in this case, the court of appeals did not have the benefit of our writing in *Pool.* We are confident that, upon remand, the court of appeals will follow the requirements for factual sufficiency review set forth in *Pool.* We are equally confident that the court of appeals likewise will ren-

der its judgment with complete appreciation of the sanctity to which a jury verdict is entitled.

Courts of appeals have conclusive jurisdiction of fact questions on appeal under Tex.Const.Ann. art. V, § 6. The pertinent language in that section is brief. It merely says "[p]rovided, that the decision of said courts shall be conclusive on all questions of fact brought before them on appeal or error." The quoted provision was added in 1891 at the time of the creation of then courts of civil appeals (courts of appeals since September 1, 1981). Conversely, article I, section 15, of the present Texas Constitution, as have all Texas constitutions previous to it, provides that "[t]he right of trial by jury shall remain inviolate." It is quite obvious that while the right of trial by jury is absolute, juries' verdicts are not unassailable. Whenever a court of appeals exercises its facts jurisdiction and holds there to be insufficient evidence to support a jury's finding or, as in this case, that a jury's failure to find was against the overwhelming weight of the evidence, the right of retrial by jury still exists even though the initial verdict does not.

As observed in *Pool,* we are not the first supreme court that has struggled in an effort to harmonize the two constitutional provisions. The landmark case of *Choate v. San Antonio & A.P. Railway Co.,* 91 Tex. 406, 44 S.W. 69 (1898), authorized the reversal of a trial court judgment and a remand for a new trial if the evidence was insufficient to support the findings of the jury. However, that opinion contained certain caveats. For one, courts of (civil) appeals were not given the authority to determine facts.

After *Choate,* subsequent decisions of the Supreme Court of Texas established further refinements. Analogous to the case at bar is not only *Pool* but *Traylor v. Goulding,* 497 S.W.2d 944 (Tex.1973), where the supreme court gave clear expression that a court of (civil) appeals *could* set aside a jury non-finding if that non-finding was against the great weight and preponderance of the evidence. However, the holding in *Traylor* was not novel.

Before the creation of courts of (civil) appeals, the supreme court on occasion exercised fact jurisdiction to set aside a failure to find on a great weight basis. *See Houston & T.C. R'y Co. v. Schmidt,* 61 Tex. 282 (1884), and cases cited therein. In *Schmidt,* a railroad passenger alleged he was injured while attempting to board a train. There was testimony that the passenger, Schmidt, was intoxicated at the time. However, the jury refused to find contributory negligence. Justice Stayton, writing for this court, said:

> While the verdict of a jury is entitled to great weight when rendered on evidence reasonably sufficient to sustain it, yet, when rendered contrary to evidence, or against the great preponderance of the evidence, and it is most likely that injustice has been done, trial courts should not hesitate to grant new trials.
>
> This court does not exercise the same latitude of discretion in this respect as does the trial court, but when it is manifest that a verdict is clearly contrary to evidence, it has never felt wanting in power to reverse a judgment based on such a verdict.

*Id.* at 285–86.

It is apparent that the 1891 constitutional amendment was designed to remove fact jurisdiction from the supreme court and place it in the newly created courts of (civil) appeals. It was not intended to change the standard of review from "clearly contrary to the evidence." No case before or after has ever authorized an appellate court to substitute its findings for those of a jury. In twice doing so in this case, the court of appeals erred. This is what the court of appeals said:

> While there clearly was some evidence that appellant [Dorothy] did not substantially comply with the duties and responsibilities incumbent upon her under the divorce decree, sufficient to warrant the submission of the issue to the jury, *we find* that the evidence does not establish that appellant failed to substantially comply with the duties and obligations required of her under the property settlement agreement/judgment. *Although*

*reasonable minds could differ about the conclusion to be drawn from the evidence, we find* that the elements of substantial compliance—performance of all important particulars, and any omissions or deviations from the agreement must be inadvertent and unknowing and not due to bad faith—were established by the evidence.

699 S.W.2d at 724 (emphasis added).

The admission by the court of appeals that reasonable minds could differ about the conclusion to be drawn from the evidence makes it abundantly clear that a substitution of court findings for jury findings has occurred. This was clearly error. In addition to the pronouncement of Chief Justice Gaines in *Choate*, 91 Tex. at 410, 44 S.W. at 70, that appellate courts are not authorized to substitute their findings for those of the jury, more recent authority is likewise in accord. *See Sanders v. Harder*, 148 Tex. 593, 227 S.W.2d 206 (1950) (courts of appeals are not authorized to find facts); *Wisdom v. Smith*, 146 Tex. 420, 425, 209 S.W.2d 164, 166 (1948) (a court of appeals has no authority to make its own findings of fact).

■ When a court of appeals utilizes an incorrect test in reviewing factual insufficiency or great weight points, in spite of that court's constitutional grant of conclusiveness on questions of fact, this court is empowered to reverse the judgment of the court of appeals. *See Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986); *Dyson v. Olin Corp.*, 692 S.W.2d 456 (Tex.1985); *Garza v. Alviar*, 395 S.W.2d 821 (Tex. 1965); *Puryear v. Porter*, 153 Tex. 82, 264 S.W.2d 689 (1954); and, *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

We recognize the division of powers between our court and the courts of appeals. So long as courts of appeals apply the correct test in evidentiary review, their determination of factual sufficiency points is conclusive. However, courts of appeals, and prior to 1891, this court, have ever been diligent in exercising restraint in the use of their power of conclusiveness over facts. That is so because the long-established precedents in this state demonstrate respect for jury verdicts. *E.g., Briscoe v. Bronaugh*, 1 Tex. 326 (1846) (before court may set aside verdict, "it must clearly appear that it is wrong"); *Carter v. Carter*, 5 Tex. 93 (1849) (court will not set aside verdict "merely because they might, upon an examination of the evidence have arrived at a result different from that attained by the jury, or because the verdict is against the mere preponderance of testimony or the weight of evidence; nor merely because it might appear to them to be founded upon slight evidence"); *Branch v. Dever*, 18 Tex. 612 (1857) ("it is not enough that their verdict may appear to be contrary to the weight of evidence"); and, *Jones v. Williams*, 41 Tex. 390 (1874) (recognizing duty of jury "to reconcile the conflicting or contradictory evidence of the witnesses, or to give a greater degree of credit to one or more witnesses than to others").

■ We reverse the judgment of the court of appeals and remand to that court for a reconsideration of its ruling in accordance with this opinion and *Pool v. Ford Motor Co.*, observing that appellate courts are not free to substitute their judgment for that of the jury simply because they may disagree with the jury's verdict. We additionally would remind that in considering great weight points complaining of a jury's failure to find a fact, courts of appeals should be mindful that a jury was not convinced by a preponderance of evidence. Therefore, in such instances, courts of appeals are not entitled to reverse merely because they conclude that the evidence preponderates toward an affirmative answer. Reversal would be warranted only after a detailing of evidence under the *Pool* criteria indicates that the *great* weight of that evidence supports an affirmative answer.

Concurring opinion by PHILLIPS, C.J., joined by GONZALEZ, J.

Dissenting opinion by ROBERTSON, J.

Dissenting opinion by MAUZY, J., joined by RAY, J.

Dissenting opinion by CULVER, J.

PHILLIPS, Chief Justice, concurring.

I concur in the result of the plurality opinion. Our decision to remand this case to the court below is an unequivocal rejection of petitioner's argument that the fact jurisdiction of the courts of appeals is limited to a review of affirmatively answered jury issues. Because the suggestion to the contrary in *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986), was not expressly disapproved, I write separately to emphasize that the courts of appeals possess equal power to review the sufficiency of evidence to support both "yes" and "no" answers.

Appellate courts have the authority to review the sufficiency of evidence in support of the fact finder's determinations for one reason: to undo the effect of an unjust trial. *See generally*, Garwood, *The Question of Insufficient Evidence on Appeal*, 30 Tex.L.Rev. 803, 809 (1952). This traditional judicial function, now exercised only by our intermediate appellate courts, neither conflicts with nor infringes upon the right of trial by jury. No appeals court in Texas has ever been given, or has ever exercised, the authority to *find* any fact. The extent of an appellate court's power is, as it has always been, to remand for new trial if more than a scintilla of probative evidence exists to support the result reached by the jury.

This authority exists regardless of whether the court of appeals is reviewing a jury's finding or its "non-finding," that is, the failure of a jury to find a fact. In either case, the court is not substituting its own finding for the jury's; it is merely ordering a new trial before another jury for a new determination.

The court of appeals must have this authority in order to do justice. Trials may be just as unfair when the party with the burden of proof unjustly loses as when the party with the burden of proof unjustly wins. To fulfill its constitutional responsibilities, the court of appeals must have

authority to review both findings and non-findings. *Traylor v. Goulding*, 497 S.W.2d 944, 945 (Tex.1973).

Petitioner's attempted distinction is not only novel, it is impractical. In an earlier era of granulated issues, it might have been possible for an appellate court to confine its review to affirmative answers, while scrupulously ignoring negative ones. Such an artificial distinction, however, is impossible under the broad submission now mandated by our court. TEX.R.CIV.P. 279. When a defensive issue is submitted only by instruction, for example, the reason for a jury's negative answer cannot be known. *See generally, Island Recreational Development Corp. v. Republic of Texas Savings Assn.*, 710 S.W.2d 551, 557 (Tex.1986) (Spears, J., dissenting). Did the jury answer "No" because plaintiff failed to carry its burden by a preponderance of the evidence or because the jury found by a preponderance of the evidence that defendant established its defense? Under petitioner's argument, the answer to this insoluable and currently irrelevant query would assume constitutional dimensions.

I agree with the plurality opinion that the judgment should be remanded so that courts of appeals will have an opportunity to comply with the standards set down in our holding in *Pool v. Ford Motor Co.*, *supra*. I disagree, however, with the suggestion that the court below has substituted its own findings for that of the jury. At most, the court of appeals employed a poor choice of words in summarizing the results of its review of the evidence. The court, writing without the benefit of *Pool*, did all that was then required of it to explain its decision to reverse and remand for a new trial. The inference that it exceeded its constitutional authority is unwarranted, and the lecture delivered by the plurality is undeserved. A simple remand to comply with our new requirements would suffice. *Cf. Lofton v. Texas Brine Corp.*, 720 S.W.2d 804, 805 (Tex.1986); *Alm v. Aluminum Co. of America*, 717 S.W.2d 588, 594–95 (Tex.1986).

I believe that the court's opinion today in *Cropper v. Caterpillar Tractor Co.*, 754 S.W.2d 646 more accurately reflects both past and current Texas law in this area. Hence, I concur only in the result.

GONZALEZ, J., joins in this concurring opinion.

CULVER, Justice, dissenting.

In reviewing the judgment of the court of appeals, 699 S.W.2d 717, it is obvious that the court realized that Mrs. Herbert had suffered an inequitable result at her jury trial. I agree that a new trial should be conducted. Therefore, I must respectfully dissent from the majority opinion.

The facts show that when Mr. and Mrs. Herbert divorced in 1977, they entered into an agreement incident to divorce. It was approved by the trial court and incorporated into the final decree. Under this agreement, the wife was to receive 50% of the husband's retirement pension when he began receiving his monthly payments in February, 1982. All other community property items were divided, including many household chattels by the agreement.

After the ex-husband began receiving his pension at age 60, the ex-wife sued to enforce the terms of the agreement, since he was not sending her 50% of the pension. The pension was a community property asset. It was not "his" pension of which he agreed to "give" Mrs. Herbert one-half.

When the case was tried to a jury, Mr. Herbert testified that he did not pay 50% of the pension to his ex-wife because she had not delivered to him a number of items awarded to him in the agreement incident to divorce.

The case was tried to the jury as though the agreement/judgment was just like any other commercial contract. A judgment which had been final for five years was attacked as though its terms could be modified or cancelled on a showing of substantial breach of contract.

The jury answered the one issue submitted to them that Mrs. Herbert had not substantially complied with the duties and obligations required under the property settlement agreement. Based on this jury finding, the trial court denied Mrs. Herbert any recovery. Since Mr. Herbert did not get all his chattels, Mrs. Herbert lost all her right to 50% of the pension.

The majority opinion affirms the trial court decision forever depriving Mrs. Herbert of her community property interest in the pension. This is, to me, an injustice.

It is my opinion that agreements incident to divorce which are spelled out in a decree or made a part of a decree by reference should be treated as final judgments. These should be enforced as judgments.

Either party may seek enforcement of divorce decrees. Mr. Herbert's claim for missing chattels, or the value thereof, at another trial should be treated as a credit or set-off to Mrs. Herbert's claim for her one-half of the pension. Equity should continue to have a place in family law matters.

The court of appeals reviewed the facts as Article V, Section 6 of the Texas Constitution provides. It did not substitute its finding for that of the jury. It found that Mr. Herbert raised an affirmative defense which would have totally abrogated the prior divorce decree, which is a final judgment. Concluding that this was not correct, the court of appeals returned the case for a new trial.

While I may not concur with everything in the opinion of the court of appeals, I do approve of the result—reverse and remand for a new trial.

MAUZY, Justice, dissenting.

The parties in this case had a jury trial with only one issue submitted. In its answer to the issue, the jury refused to find from a preponderance of the evidence that Dorothy Herbert substantially complied with the duties and obligations required of her in a property settlement agreement. Accordingly, the trial judge followed the jury verdict and rendered a take-nothing judgment against Dorothy Herbert. The court of appeals reversed, essentially holding that the jury "finding" was against the great weight and preponderance of the evidence. The court stated its conclusion as follows:

> While there clearly was some evidence that [Dorothy] did not substantially comply with the duties and responsibilities incumbent upon her under the divorce decree, sufficient to warrant the submission of the issue to the jury, *we find* that the evidence does not establish that appellant failed to substantially comply with the duties and obligations required of her under the property settlement agreement/judgment. *Although reasonable minds could differ* about the conclusion to be drawn from the evidence, *we find* that the elements of substantial compliance ... were established by the evidence. (Emphasis added.)

This type of reasoning pushes the power of the courts of appeals too far and usurps the jury's function. The court of appeals recognized that reasonable minds may dif-

fer, but nevertheless concluded that the jury was wrong. This is a clear instance of a court of appeals simply substituting its own thought processes for those of the jury.

Article V, section 6 of the Texas Constitution provides that the decision of the courts of appeals "shall be conclusive on all questions of fact brought before them on appeal or error." This court has long grappled with this provision as we have tried to construe it so as to avoid any abridgement of the right of trial by jury. *See, e.g., Choate v. San Antonio & A.P. Railway Co.,* 91 Tex. 406, 44 S.W. 69 (1898); *In Re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951); *Pool v. Ford Motor Co.,* 715 S.W.2d 629 (Tex.1986).

We have tried hard and the reality is that we have simply failed. This constitutional provision cannot be harmonized with the constitutional guarantee that the right of trial by jury "shall remain inviolate." TEX. CONST. art. I, § 15. To continue to try and reconcile these two provisions is to spout mere semantics.

Historically, we have attached labels such as "factual sufficiency" and "great weight and preponderance" to the court of appeals' review of the evidence. These long-used labels have lulled us into accepting this power as legitimate. However, we have been nagged by doubt about the process of appellate factual review; and in recent years we have more and more frequently wrestled with the question of how to confine this power to its proper parameters. *See, e.g.* Garwood, "The Question of Insufficient Evidence on Appeal," 30 Tex.L. Rev. 803, 812 (1952); *Dyson v. Olin Corp.,* 692 S.W.2d 456, 458 (Tex.1985) (Robertson, J., concurring); *Pool v. Ford Motor Co.,* 715 S.W.2d 629, 633–35 (Tex.1986).

Sooner or later, we must simply admit that permitting appellate judges to engage in a process of weighing all the evidence is in reality allowing those judges to usurp the jury function. It is allowing them to substitute their own thought processes for those of the jury. Any distinction between appellate judges weighing the evidence and appellate judges determining fact questions as would a jury is a distinction that exists in semantics only and not in reality. *See*

*Dyson,* 692 S.W.2d at 459 (Robertson, J., concurring).

This case, in particular, makes all too apparent the extent to which the right of trial by jury can be violated under the rubric of factual sufficiency review. If the evidence in a case is such that reasonable minds could differ, then the jury is the proper body to decide what facts are or are not proved. Part of the proof in a case includes the witnesses themselves, their demeanor, their voice modulation, and the gut feeling they project to the jurors. These are aspects of a case to which an appellate judge has no access.

The right of trial by jury is fundamental to our entire system of jurisprudence.[1] The language of article I, section 15 is particularly clear and unambiguous: "the right of trial by jury shall remain inviolate." By contrast, the language of article V, section 6 is nebulous and indeterminate. We have struggled long enough to read some meaning into it. Our own repeated attempts at interpretation have led to nothing less than an unconstitutional practice.

"Inviolate" is a strong word. Webster's New International Dictionary (2d ed. 1960) defines "inviolate" as "unimpaired" or "unprofaned." Other dictionaries define it as "sacred" or "pure." Less than three months ago, this court expressly recognized the inherent sanctity of the right of trial by jury as guaranteed under the Texas Constitution. *Texas Farmers Ins. Co. v. McGuire,* 744 S.W.2d 601 (Tex.1988). Now, however, the court merely pays lip service to this sacred right. Talk is cheap. It is time for the court to show courage and restore the right of trial by jury to its proper constitutionally established role in the Texas legal system.

Our long practice of permitting courts of appeals to reweigh the evidence has rendered idle and nugatory the word "inviolate" in article I, section 15. I now conclude that we are simply unable to construe article V, section 6 in any reasonable manner that, when put into practice, does not do violence to the right of trial by jury.

We have not succeeded in harmonizing these two constitutional provisions; we have never succeeded in harmonizing them. Instead, we have for years resolved the conflict by effectively striking the word

---

1. The right of trial by jury is not only set forth in article I, section 15 of the Texas Constitution, but also in article V, section 10.

"inviolate" from article I, section 15. I would now choose to acknowledge the conflict between these two provisions and to give effect to the one whose language is strong and clear. The sanctity of the right to jury trial should be restored. The intended meaning of article V, section 6 is unknown; our own repeated efforts to give it meaning have resulted in an unconstitutional practice. I would let the troublesome provision of article V, section 6 sit shrouded in mystery and would now abolish the practice perpetuated by this court of letting courts of appeals reweigh the evidence. I would reverse the judgment of the court of appeals and affirm that of the trial court.

RAY, J., joins in this dissent.

ROBERTSON, Justice, dissenting.

I dissent in this cause for the same reasons as are expressed in my dissenting opinion handed down this same day on motion for rehearing in *Hurlbut v. Gulf Atlantic Life Insurance Co.*, 749 S.W.2d 762 (Tex.1988).