Scoggins v. Scoggins 















IN THE
TENTH COURT OF APPEALS
 

No. 10-91-123-CV

Â Â Â Â Â Â Â Â REINHOLD KNUST,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â Â Â Â v.

Â Â Â Â Â Â Â Â ROSEWITA BROWN,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee
 

 From the 170th District Court
McLennan County, Texas
Trial Court # 88-1567-4
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
O P I N I O N
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â Â Â Â Â Â Â Â Â Â This is a child-support modification case. Reinhold Knust and Rosewita Knust, now
Rosewita Brown, were divorced on January 9, 1989. The divorce decree named Reinhold the
managing conservator of the parties' four minor children and appointed Rosewita the possessory
conservator. Rosewita, however, was not ordered to pay child support. In December 1990,
Reinhold filed a motion to modify, alleging a change of circumstances of the children or a person
affected by the child-support order. See Tex. Fam. Code Ann. Â§ 14.08 (c)(2) (Vernon Supp.
1992). The court denied his motion. We will affirm.
Â Â Â Â Â Â Â Â Â Â The court entered the following findings of fact: 
1. [Reinhold's] ability to support the children subject of this suit has not materially and
substantially changed since the date of rendition of the prior Order in this cause.
2. [Reinhold's] net resources have not materially and substantially changed since the date
of rendition of the prior Order in this cause. 
3. [Rosewita's] inability to support the children subject of this suit has not materially and
substantially changed since the date of rendition of the prior Order in this cause. 
4. [Rosewita's] net resources have not materially and substantially changed since the date
of rendition of the prior Order in this cause. 
5. The circumstances concerning the expenses of the children subject of this suit have not
materially and substantially changed since the rendition of the prior Order in this cause. 
In points one, three, five, and seven, Reinhold challenges the legal sufficiency of the evidence
supporting these findings. Points two, four, six, and eight are that these findings are against the
great weight and preponderance of the evidence.
Â Â Â Â Â Â Â Â Â Â The following tests will be used to resolve these complaints. A party attempting to set
aside an adverse fact finding as matter of law must overcome two hurdles. First, the record must
be examined for evidence that supports the finding, while ignoring all evidence to the contrary. 
Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989). Second, if there is no evidence
to support the fact-finder's answer, the entire record must then be examined to see if the contrary
proposition is established as a matter of law. Id. at 690. To prevail in attacks on the legal
sufficiency of evidence supporting negative findings, Reinhold must demonstrate that the evidence
conclusively established all vital facts in support of an affirmative finding as a matter of law. See
id.
Â Â Â Â Â Â Â Â Â Â When the challenge is framed as an "insufficient evidence" point, we will consider all the
evidence in the case to determine if the finding is so against the great weight and preponderance
of the evidence as to be manifestly erroneous or unjust. See Traylor v. Goulding, 497 S.W.2d
944, 945 (Tex. 1973).
Â Â Â Â Â Â Â Â Â Â Points one and two concern the finding that there was no substantial and material change
in Reinhold's financial position. Although he testified to a decrease in income from his dairy
operation from 1988 to 1989 and the fear of a continuation of the decrease in milk prices, we must
disregard this evidence in a legal-sufficiency review because it is contrary to the finding. Instead,
we focus on the fact that testimony also revealed that the income from Reinhold's pawn shop
increased $11,985 in the same years. This increase in income is some evidence that supports the
finding that a substantial or material adverse change had not occurred. Accordingly, our inquiry
on the legal-sufficiency point ends here. See Sterner, 767 S.W.2d at 691. 
Â Â Â Â Â Â Â Â Â Â Furthermore, an examination of all the evidence, both contrary to and in favor of the
finding, reveals that the finding is not so against the great weight and preponderance of the
evidence as to be manifestly unjust. See Traylor, 497 S.W.2d at 945. Reinhold's dairy operation
losses were more than offset by the increase in income from his pawn shop, and he claimed no
reduction in rental income from numerous other properties. Points one and two are overruled.
Â Â Â Â Â Â Â Â Â Â Reinhold's third and fourth points attack the evidence supporting the finding that the
circumstances concerning the expenses of the children have not substantially and materially
changed since the date of the original order. He testified to a substantial increase in the expenses,
but left the statistical testimony to his house keeper. She testified that, although she helped
Reinhold compile the figures that indicate a substantial increase, she could not verify the figures
with any degree of accuracy. 
Â Â Â Â Â Â Â Â Â Â "Where the testimony of an interested witness is not contradicted by any other witness or
attendant circumstances, and the same is clear, direct, and positive, and free from contradictions,
inaccuracies, and circumstances tending to cast suspicion thereon, it is taken as true as a matter
of law." Cochran v. Wool Growers Cent. Storage Co., 140 Tex. 184, 166 S.W.2d 904, 908 (Tex.
1942). Furthermore, the trial court is free to disbelieve the witness of the party bearing the burden
of proof. Yap v. ANR Freight Systems Inc., 789 S.W.2d 424, 425 (Tex. App.âHouston [1st
Dist.] 1990, no writ). Because the circumstances tend to cast suspicion on this testimony,
Reinhold has not established a substantial and material change in the children's expenses as a
matter of law. See Cochran, 166 S.W.2d at 908. 
Â Â Â Â Â Â Â Â Â Â Considering the whole record, the finding is not so against the great weight and
preponderance of the evidence as to be manifestly unjust. See Traylor, 497 S.W.2d at 945. 
Therefore, points three and four are overruled.
Â Â Â Â Â Â Â Â Â Â Points five and six relate to the finding that Rosewita's net resources and ability to support
the children have not substantially and materially changed. Her uncontradicted testimony was that
she has not been employed since the date of the prior order. She testified that her only business
venture was a complete failure that divested her of all of her property settlement from the divorce
and that her only income is an annual $10,0000 payment she receives under a settlement agreement
with Reinhold. The payment was a part of the agreement incident to the divorce and is referred
to in the divorce decree. Therefore, no substantial or material change has occurred because of that
payment. Rosewita's testimony of her unemployment, failed business venture, and lack of any
favorable change in income is evidence that supports the finding that there has been no substantial
and material change in her financial condition. Consequently, our inquiry ends on the matter-of-law challenge. See Sterner, 767 S.W.2d at 691.
Â Â Â Â Â Â Â Â Â Â Moreover, this finding was not so against the great weight and preponderance of the
evidence as to be manifestly unjust. See Traylor, 497 S.W.2d at 945. Points five and six are
overruled.
Â Â Â Â Â Â Â Â Â Â The seventh and eight points are legal and factual-sufficiency challenges to the trial court's
global findings that no substantial or material changes occurred with respect to any of the three
situations that would justify a modification of support. We overrule points seven and eight for the
reasons stated in our discussion of points one through six.
Â Â Â Â Â Â Â Â Â Â Reinhold also argues, in general, that the court abused its discretion when it failed to
modify the original child-support order. See Tex. Fam. Code Ann. Â§ 14.08(c)(2) (Vernon Supp.
1992). An abuse of discretion occurs when the court's decision is arbitrary or unreasonable. 
Pratt v. Texas Department of Human Resources, 614 S.W.2d 490, 494 (Tex. Civ. App.âAmarillo
1981, writ ref'd n.r.e.). An appellate court, however, cannot simply substitute its own judgement
for that of the trial court. Id. After a careful review of the record, we find that the court's actions
were not arbitrary or unreasonable. See id. Accordingly, Reinhold's contention is without merit.
Â Â Â Â Â Â Â Â Â Â Point nine, which Reinhold conceded need not be considered unless we rule affirmatively
on one his of first eight points, is not reached. The judgement is affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOB L. THOMAS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Before Chief Justice Thomas,
Â Â Â Â Â Â Â Â Â Â Justice Cummings, and
Â Â Â Â Â Â Â Â Â Â Justice Vance
Affirmed 
Opinion delivered and filed February 19, 1992
Do not publish 



 S.W.3d at 640; Dallas
County MHMR v. Bossley, 968 S.W.2d 339, 344 (Tex. 1998);
accord Snelling v. Mims, 97 S.W.3d 646, 648 (Tex. App.Waco 2002, no
pet.); see also Escalante, 251 S.W.3d at 727 (Âimmunity defenseÂ[4]);
Klein v. Hernandez, 260 S.W.3d 1, 21 (Tex. App.ÂHouston [1st Dist.] 2008,
pet. granted) (Taft, J., concurring).Â  Several intermediate courts of appeal
have characterized this statutory immunity as immunity from suit.Â  See Saade
v. Villarreal, 280 S.W.3d 511, 521 (Tex. App.ÂHouston [14th Dist.] 2009,
pet. filed); Bailey v. Sanders, 261 S.W.3d 153, 157 (Tex. App.ÂSan Antonio 2008, no pet.); Tex. DepÂt of Agric. v.
Calderon, 221 S.W.3d 918, 922
(Tex. App.ÂCorpus Christi 2007, no pet.); Meroney v. City of Colleyville,
200 S.W.3d 707, 715 (Tex. App.ÂFort Worth 2006, pet. granted, judgmÂt vacated
w.r.m.); City of San Angelo Fire DepÂt v. Hudson, 179 S.W.3d 695, 703
n.7 (Tex. App.ÂAustin 2005, no pet.).

Â Â Â Â Â Â Â Â Â Â Â  We
will follow the plain language of the Supreme CourtÂs decisions in Sykes
and Bossley and in our own decision in Snelling and treat the
statutory immunity conferred by section 101.106 as immunity from liability.

Â Â Â Â Â Â Â Â Â Â Â  Â[I]mmunity
from liability is an affirmative defense that cannot be raised by a plea to the
jurisdiction.ÂÂ  State v. Lueck, 290 S.W.3d 876, 880 (Tex. 2009). Â Therefore,
the immunity conferred by section 101.106 is not jurisdictional.Â  An order
granting a motion to dismiss under section 101.106(e) cannot be appealed under
section 51.014(a)(8) of the
Civil Practice and Remedies Code.Â  See Simons, 140 S.W.3d at 349;
Autry, 251 S.W.3d at 159-60.

Â Â Â Â Â Â Â Â Â Â Â  Accordingly,
we dismiss JonesÂs first, third and fourth issues for want of jurisdiction.Â  See
Matis v. Golden, 228 S.W.3d 301, 305 (Tex. App.ÂWaco 2007, no pet.).

Plea to the Jurisdiction

Â Â Â Â Â Â Â Â Â Â Â  Jones
contends in his second issue that the court abused its discretion by granting
the plea to the jurisdiction without first reviewing his petition and the
proceedings to determine in which capacity the individual appellees were sued.Â 
In particular, he claims that the court erred by failing to consider Âthe
totality of the complaint.ÂÂ  He argues that his Âcomplaint alleged fact[s] that
affirmatively demonstrated the district courtÂs jurisdiction.Â

Â 

Â 

Section 1983

Â Â Â Â Â Â Â Â Â Â Â  We
begin with JonesÂs federal claims under section 1983, which establishes
liability for:

Every person who, under color of any
statute, ordinance, regulation, custom, or usage, of any State or Territory or
the District of Columbia, subjects, or causes to be subjected, any citizen of
the United States or other person within the jurisdiction thereof to the
deprivation of any rights, privileges, or immunities secured by the
Constitution and laws.

Â 

42 U.S.C.S. Â§ 1983
(LexisNexis 2002).Â  Â[N]either a State nor its officials acting in their
official capacities are ÂpersonsÂ under Â§ 1983.ÂÂ  Will v. Mich. DepÂt of
State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45
(1989).

Â Â Â Â Â Â Â Â Â Â Â  Thus,
the court properly granted the plea to the jurisdiction on JonesÂs federal
claims against TDCJ and against Quarterman, McGilbra, Hunter and Brisher in
their official capacities.[5]Â 
McLane Co. v. Strayhorn, 148 S.W.3d 644, 652 (Tex. App.ÂAustin 2004,
pet. denied); Terrell ex rel. Estate of Terrell v. Sisk, 111 S.W.3d 274,
282 (Tex. App.ÂTexarkana 2003, no pet.).

State Law Claims

Â Â Â Â Â Â Â Â Â Â Â  When
a plea to the jurisdiction challenges the pleadings, we determine if the plaintiff
has alleged facts that affirmatively demonstrate the trial courtÂs jurisdiction
to hear the cause.Â  We construe the pleadings liberally in favor of the
plaintiff and look to his intent.Â  City of El Paso v. Heinrich, 284
S.W.3d 366, 378 (Tex. 2009).

Â Â Â Â Â Â Â Â Â Â Â  Jones
claims that Smith and Emertson: (1) Ânegligently used handcuffs on [him]Â Âby
using physical force sadisticly [sic] maliciously and wantonly which amounted
to assault, battery, and cruel unusual treatmentÂ; and (2) committed civil
theft under Chapter 134 of the Civil Practice and Remedies Code by taking his
property without due process and Âmay have acted under eminent domain.Â

Â Â Â Â Â Â Â Â Â Â Â  Jones
alleges that Quarterman, Hunter and Brisher violated his right to due process
by failing to discipline Smith and Emertson.Â  He alleges that these three
defendants and McGilbra violated his right to due process by failing to provide
him a meaningful grievance procedure, and by failing to enforce TDCJ policies
regarding treatment of inmates.

Â Â Â Â Â Â Â Â Â Â Â  Jones
alleges that TDCJ is liable for negligently: (1) permitting Smith and Emertson
to handcuff him and march him through the prison unit naked; (2) permitting
Smith and Emertson to lock him in solitary confinement while still handcuffed
without providing for his basic necessities; and (3) permitting the other
defendants to engage in the conduct alleged in the previous paragraph.

Â Â Â Â Â Â Â Â Â Â Â  Under
section 101.021(2)[6]
of the Texas Tort Claims Act, Jones can establish a waiver of immunity from
suit and liability only by establishing that he sustained personal injury
proximately caused by Âa condition or use of tangible personal or real property
if the governmental unit would, were it a private person, be liable to the
claimant according to Texas law.ÂÂ  Tex.
Civ. Prac. & Rem. Code Ann. Â§ 101.021(2) (Vernon 2005).Â  JonesÂs
claims do not allege any injury caused by a condition of property.Â  Thus, we
focus on whether he has alleged that his injuries were proximately caused by a
defendantÂs use of tangible personal property.

Â Â Â Â Â Â Â Â Â Â Â  JonesÂs
state law claims all flow from his complaints regarding his alleged treatment
by Smith and Emertson.Â  To the extent Jones alleges that they Ânegligently used
handcuffs on [him]Â Âby using physical force sadisticly maliciously and
wantonly which amounted to assault, battery, and cruel unusual treatment,Â he
has alleged an intentional tort.Â  See Tex. DepÂt of Pub. Safety v. Petta,
44 S.W.3d 575, 580 (Tex. 2001); Â Â Cameron County v. Ortega, 291 S.W.3d
495, 498-99 (Tex. App.ÂCorpus Christi 2009, no pet.); City of Garland v.
Rivera, 146 S.W.3d 334, 337-38
(Tex. App.ÂDallas 2004, no
pet.); City of San Antonio v. Dunn, 796 S.W.2d 258, 261 (Tex. App.ÂSan
Antonio 1990, writ denied).Â  The Texas Tort Claims Act does not waive immunity
from suit for intentional torts.Â  See
Tex. Civ. Prac. & Rem. Code Ann. Â§ 101.057(2) (Vernon 2005); Petta,
44 S.W.3d at 580; Ortega, 291 S.W.3d at 497-98; Rivera, 146
S.W.3d at 338; Dunn, 796 S.W.2d at 261.

Â Â Â Â Â Â Â Â Â Â Â  To
the extent Jones alleges that the handcuffs were used to restrain him in
solitary confinement without basic necessities, the use of handcuffs was not a
proximate cause of any injuries allegedly sustained in solitary confinement.[7]Â 
See Hardin County SheriffÂs DepÂt v. Smith, 290 S.W.3d 550, 553-54
(Tex. App.ÂBeaumont 2009, no pet.); Ordonez v. El Paso County, 224
S.W.3d 240, 244 (Tex. App.ÂEl Paso 2005, no pet.); see also Bossley, 968 S.W.2d at 343 (ÂProperty does not
cause injury if it does no more than furnish the condition that makes the injury
possible.Â).

Â Â Â Â Â Â Â Â Â Â Â  JonesÂs
theft claim plainly does not allege a personal injury.Â  Assuming without
deciding that it constitutes an allegation of property damage, such facts do
not allege a claim for which immunity has been waived under section 101.021(2),
which provides a waiver of immunity only for Âpersonal injury and death.ÂÂ  See
Tex. Civ. Prac. & Rem. Code Ann.
Â§ 101.021(2).

Â Â Â Â Â Â Â Â Â Â Â  JonesÂs
state law claims against Quarterman, McGilbra, Hunter and Brisher do not allege
any use of property on their part which proximately caused him injury.Â 
However, these claims may be characterized as the negligent implementation on
their part of TDCJ policies regarding grievance procedures and the treatment of
inmates.Â  Â[A] plaintiff
has to state a waiver of immunity under some provision of section 101.021 of
the Civil Practice and Remedies Code before she can invoke a claim of negligent
implementation of policy.ÂÂ  Rivera, 146 S.W.3d at 338; see Petta,
44 S.W.3d at 580-81; Ordonez, 224 S.W.3d at 245.Â  Because Jones has
failed to plead facts which would constitute a waiver of immunity under section
101.021(2), he has failed to plead facts constituting a waiver of the immunity
from suit of Quarterman, McGilbra, Hunter and Brisher.

Â Â Â Â Â Â Â Â Â Â Â  Because
Jones has failed to plead facts waiving any of the individual defendantsÂ
immunity from suit, he has failed to plead facts waiving TDCJÂs immunity from
suit.Â  See DeWitt v. Harris County, 904 S.W.2d 650, 654 (Tex. 1995); Moncada
v. Brown, 202 S.W.3d 794, 803 (Tex. App.ÂSan Antonio 2006, no pet.); Johnson
v. Campbell, 142 S.W.3d 592, 596 (Tex. App.ÂTexarkana 2004, pet. denied).

Â Â Â Â Â Â Â Â Â Â Â  The
trial court properly granted the plea to the jurisdiction.Â  We overrule JonesÂs
second issue and do not reach his fifth issue.Â  See Tex. R. App. P. 47.1 (courtÂs opinion
must address Âevery issued raised and necessary to final disposition of the
appealÂ).

We
do not have jurisdiction to review the trial courtÂs interlocutory order
granting the motion to dismiss under section 101.106(e).Â  We affirm the order
granting the plea to the jurisdiction.

Â 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed in
part, dismissed in part

Opinion
delivered and filed April 14, 2010

[CV06]

Â 

Â 

Â 









[1]
Â Â Â Â Â Â Â Â Â Â Â Â Â  Jones alleged only
the defendantsÂ last names with the exception of Quarterman.Â  Where other first
names or initials are indicated, those were obtained from the defendantsÂ
pleadings.





[2]
Â Â Â Â Â Â Â Â Â Â Â Â Â  Based on statements
Jones made at the hearing on the motion to dismiss and plea to the
jurisdiction, it appears that Smith and Emertson have not been served and are
no longer TDCJ employees.





[3]
Â Â Â Â Â Â Â Â Â Â Â Â Â  The previous version
of the statute provided, ÂA judgment in an action or a settlement of a claim
under this chapter bars any action involving the same subject matter by the
claimant against the employee of the governmental unit whose act or omission
gave rise to the claim.ÂÂ  Act of May 17, 1985, 69th Leg., R.S., ch. 959, Â§ 1,
sec. 101.106, 1985 Tex. Gen. Laws 3242, 3305 (amended 2003) (current version at
Tex. Civ. Prac. & Rem. Code Ann.
Â§ 101.106 (Vernon 2005)).

Â 





[4]
Â Â Â Â Â Â Â Â Â Â Â Â Â  Â[I]mmunity from
liability is an affirmative defense.ÂÂ  State v. Lueck, 290 S.W.3d 876,
880 (Tex. 2009).





[5]
Â Â Â Â Â Â Â Â Â Â Â Â Â  Regarding JonesÂs
complaint that the trial court failed to determine in which capacity the
individual appellees were sued before granting the plea to the jurisdiction,
that complaint has been rendered moot by the courtÂs ruling in its order
partially granting JonesÂs motion for new trial as to his section 1983 claims
against Quarterman, McGilbra, Hunter and Brisher in their individual
capacities.





[6]
Â Â Â Â Â Â Â Â Â Â Â Â Â  Jones cannot
establish a waiver of immunity under subsection (1) of the statute because he
does not claim that his alleged injuries Âarise[ ] from the operation or use of
a motor-driven vehicle or motor-driven equipment.ÂÂ  Tex. Civ. Prac. & Rem. Code Ann. Â§ 101.021(1) (Vernon 2005).





[7]
Â Â Â Â Â Â Â Â Â Â Â Â Â  From our reading of
JonesÂs second amended complaint, he does not allege that the prison cell
itself proximately caused his alleged injuries.Â  Nevertheless, the same result
would obtain even if he had.
See Dallas County MHMR v. Bossley, 968 S.W.2d 339, 343 (Tex. 1998); Hardin
County SheriffÂs DepÂt v. Smith,
290 S.W.3d 550, 553-54 (Tex. App.ÂBeaumont 2009, no pet.); Ordonez v. El
Paso County, 224 S.W.3d 240, 244 (Tex. App.ÂEl Paso 2005, no pet.).