morgan 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00543-CV







Sylvia Luna Morgan and Larry Richard Morgan, Appellants




v.




Monica Marak Brown, Appellee








FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT


NO. 142,218-B, HONORABLE RICK MORRIS, JUDGE PRESIDING







 Sylvia Morgan appeals from a trial-court judgment awarding her $6,500 in her suit against
Monica Marak Brown to recover compensation for injuries Morgan sustained in an automobile collision. (1) 
We will affirm the trial-court judgment.



THE CONTROVERSY


 Morgan and Brown were operating their respective motor vehicles on a public way when
they collided, resulting in Morgan's injuries. At trial, the judge refused Morgan's request that the charge
include an instruction regarding her contention that Brown was negligent per se in failing to obey a yield sign
and a no-left-turn sign. (2) The charge submitted to the jury questions of ordinary negligence and comparative
responsibility for the harm for which Morgan sought recovery. See Tex. Civ. Prac. & Rem. Code Ann.
§ 33.003 (West Supp. 1996). The jury found Brown negligent and fixed $10,000 as the amount
reasonably necessary to compensate Morgan for her injuries. (3) The jury found Morgan 35% responsible
for the harm and Brown 65% responsible. The trial judge rendered judgment for Morgan, on the verdict,
in the principal amount of $6,500 or 65% of the $10,000 found by the jury. Morgan appealed to this
Court.



DISCUSSION AND HOLDINGS


 In her first point of error, Morgan complains the trial judge erred in refusing her request that
the charge include an instruction regarding the theory of negligence per se. The doctrine of negligence per
se may be stated as follows: "The unexcused violation of a statute setting an applicable standard of care
constitutes negligence as a matter of law if the statute is designed to prevent an injury to that class of
persons to which the injured party belongs." El Chico Corp. v. Poole, 732 S.W.2d 306, 312 (Tex.
1987). The evidence was controverted on whether Brown drove her automobile in a manner contrary to
the instructions indicated by the yield sign and the no-left-turn sign. It was therefore error for the trial judge
to refuse Morgan's requested instruction. See White v. Hughs, 867 S.W.2d 846, 852 (Tex.
App.--Texarkana 1993, no writ). We believe, however, that the error was harmless in the circumstances
of the case.

 The substance of Morgan's theory on appeal is that a jury finding that Brown operated her
automobile in violation of the two traffic-control devices would preclude the jury from apportioning
responsibility for harm under section 33.003 of the Texas Civil Practice and Remedies Code. Morgan
offers no authority for that contention and we find none. The text of section 33.003 applies explicitly to
harm resulting from any "negligent act or omission;" it does not distinguish between a standard of care
ordained by a statute and the standard of ordinary care required by the common law. See Tex. Civ. Prac.
& Rem. Code Ann. § 33.003 (West Supp. 1996). We overrule point of error one.

 In point of error two, Morgan contends as follows: "The jury finding was factually and
legally insufficient in attributing 35% liability to the appellant [Morgan] as such finding was unsupported by
the evidence and goes against the great weight and preponderance of the evidence." In consequence,
Morgan contends, she "is entitled to a new trial based upon the fact that [the] verdict of the jury with regard
to negligence is against the great weight and preponderance of the evidence." We construe this point to
be a complaint that the evidence is legally and factually insufficient to support the 35% of responsibility
assigned to Morgan in the verdict; and that the jury's failure to assign 100% responsibility to Brown was
so against the great weight and preponderance of the evidence as to be manifestly unjust.

 In her motion for new trial, Morgan did not complain the evidence was factually insufficient
to support the jury's finding that Morgan was 35% responsible for the harm she sustained. She therefore
did not preserve the complaint for appeal. Tex. R. Civ. P. 324(b)(2). We overrule the point of error in
that regard. She did complain, in her motion for new trial, that the jury's failure to find Brown 100%
responsible for the harm "was contrary to the overwhelming weight and preponderance of the evidence." 
We will consider that point on appeal together with her point that there is no evidence to support the jury
finding that Morgan was 35% responsible for the harm she sustained. Both require a summary of the entire
body of evidence on the issues. See generally William Powers, Jr. & Jack Ratliff, Another Look at "No
Evidence" and "Insufficient Evidence," 69 Tex. L. Rev. 515 (1991); Robert W. Calvert, "No
Evidence" and "Insufficient Evidence" Points of Error, 38 Tex. L. Rev. 361 (1960).

 Morgan testified that Brown drove from a parking lot onto the roadway on which Morgan
was traveling and into her path, in violation of the traffic-control devices mentioned, resulting in the collision. 
When the investigating officer arrived, the two automobiles had been moved from the roadway. In his
opinion, the conditions at the scene indicated that Brown failed to yield the right of way and was attempting
an illegal left turn when the collision occurred. Brown testified that Morgan's operation of her automobile
caused the collision because she drove to the left, indicating that she was going around the point where the
collision occurred, then veered suddenly back to the right to collide with Brown's automobile which was
not blocking Morgan's passage on the roadway. Given this rather pointed conflict in the testimony about
the particulars of how the collision occurred, we may not say there is a complete absence of evidence
supporting the jury finding that Morgan was negligent and 35% responsible for the harm. Nor may we say
the jury's failure to find Brown 100% responsible is so against the great weight and preponderance of the
evidence as to be manifestly unjust. We therefore overrule point of error two.

 In Morgan's third point of error, she complains as follows:



The findings of the jury with respect to each issue of damages are against the great weight
and preponderance of the evidence, there being no expert evidence to contradict the
testimony of three medical doctors and one doctor of chiropractic as to reasonable and
necessary medical expenses, pain and suffering, and testimony of plaintiff and two other
witnesses as to lost earnings.



We must detail the evidence relevant to the damages issues in order to determine whether the jury's findings
are so against the great weight and preponderance of the evidence as to be manifestly unjust because they
demonstrate bias or because the findings shock the conscience. See Powers & Ratliff, 69 Tex. L. Rev. at
535-36; see also Herbert v. Herbert, 754 S.W.2d 141, 144 (Tex. 1988); Cropper v. Caterpillar
Tractor Co., 754 S.W.2d 646, 651 (Tex. 1988).

 The jury found the following sums reasonably necessary to compensate Morgan for her
injuries: physical pain and mental anguish $1,500; physical impairment $5,000; and $3,500 for medical
and chiropractic care. The jury declined to find any sum reasonably necessary to compensate Morgan for
lost earnings or lost earning capacity.

 Morgan testified in support of her injuries. She admitted, however, that at all material times
she suffered work-related stress problems for which she had filed a different lawsuit seeking damages from
others for mental anguish they caused. Other evidence showed that she had a history of headaches and
marital problems before the collision, and that she received treatment and medication for those problems
similar to the treatment and medication she testified was required by the injuries she sustained in the
collision. Morgan's original treating physician, who examined her after the collision, testified he found she
had sustained no permanent physical impairment. A chiropractor who began treating Morgan sixteen
months after the collision testified that in his opinion she had a 21% permanent physical impairment that
would reduce her future earning capacity. The jury might have doubted his testimony somewhat, however,
because he testified that his treatment of personal-injury cases was conditioned upon his approval of the
patient's attorney and he admitted he had a personal financial interest in the success of Morgan's suit against
Brown. The evidence also showed that Morgan worked for the attorney who represented her in the
present lawsuit and that he referred her to the chiropractor.

 Morgan argues specifically that the jury's answers to the damages issues cannot stand
because Brown did not adduce expert opinion testimony to contradict the opinion testimony of her expert
witnesses. We find no support for that theory. The jury is not bound by opinion evidence given by expert
witnesses, even when uncontradicted by other experts. Gregory v. Texas Employers Ins. Ass'n, 530
S.W.2d 105, 107 (Tex. 1975). Jurors are the sole judge of the credibility of witnesses and the weight
proper to be assigned their testimony. Aided by their own knowledge and experience of human affairs,
they may choose to believe one witness and disbelieve another, or discount and credit testimony for reasons
indicated in the body of evidence. Ethicon, Inc. v. Martinez, 835 S.W.2d 826, 834 (Tex. App.--Austin
1992, writ denied). Expert opinion does not deprive jurors of their discretion in that regard. See
Broussard v. Moon, 431 S.W.2d 534, 537 (Tex. 1968); Williams v. Lemens, 609 S.W.2d 596, 600
(Tex. Civ. App.--Austin 1980, no writ).

 We cannot find the jury answers regarding damages clearly demonstrate bias or that they
shock the conscience. We therefore cannot hold the answers are so against the great weight and
preponderance of the evidence as to be manifestly unjust. We overrule point of error three.

 For the reasons given, we affirm the trial-court judgment.



 John Powers, Justice

Before Justices Powers, Aboussie and B. A. Smith 

Affirmed

Filed: September 18, 1996

Do Not Publish

1.   Larry Richard Morgan, Sylvia's husband, perfected an appeal, but brings no points of error
and does not complain of the judgment rendered against him. 
2.   See Tex. Transp. Code Ann. §§ 545.151(a), 545.152 (West 1996) (operator of vehicle at
intersection shall obey traffic control device and yield right of way).
3.   Morgan's requests for damages were as follows: $25,285 past medical expenses; $31,000
future medical expenses; $4,896 past lost wages; $389,400 future lost wages; $20,000 past pain
and suffering; and $100,000 future pain and suffering.


to be manifestly unjust because they
demonstrate bias or because the findings shock the conscience. See Powers & Ratliff, 69 Tex. L. Rev. at
535-36; see also Herbert v. Herbert, 754 S.W.2d 141, 144 (Tex. 1988); Cropper v. Caterpillar
Tractor Co., 754 S.W.2d 646, 651 (Tex. 1988).

 The jury found the following sums reasonably necessary to compensate Morgan for her
injuries: physical pain and mental anguish $1,500; physical impairment $5,000; and $3,50