Alfred F. NAGEL; Labor Force, Inc.; Shirley J. Nagel; and Johnny Mack Turner, Appellants,

v.

KENTUCKY CENTRAL INSURANCE COMPANY, International Indemnity Company, Aetna Casualty & Surety Company, Farmers Insurance Exchange, Inc., Employers National Insurance Company, Amerisure Companies, and Mount Hawley Insurance Company, Appellees.

No. 3–93–593–CV.

Court of Appeals of Texas, Austin.

Dec. 14, 1994.

Rehearing Overruled Jan. 11, 1995.

Released for Publication Feb. 8, 1995.

John F. Nichols, Law Offices of John F. Nichols, Houston, for Alfred F. Nagel & Labor Force, Inc.

Ellen Grimes, Houston, for Shirley J. Nagel.

Bruce R. Steffler, Houston, for Johnny Mack Turner, Deceased.

R. Lynn Fielder, Fisk & Fielder, P.C., Dallas, Lloyd E. Ferguson, Strasburger & Price, L.L.P., Austin, for Aetna Cas. & Sur. Co.

Mark M. Donheiser, Strasburger & Price, L.L.P., Kevin B. Brown, Roger D. Higgins, Thompson, Coe, Cousins & Irons, L.L.P., Dallas, John A. Stephens, Fulbright, Winniford, Bice & Marable, Waco, for Amerisure Companies.

Larry Parks, Earl W. Sealy, Long, Burner, Parks & Sealy, Austin, Michael W. Johnston, Broude, Nelson & Harrington, P.C., Fort Worth, for International Indem. Co.

Richard E. McGary, Knox, Beadles & Johnston, L.L.P., Dallas, for Kentucky Cent. Ins. Co.

Jo Chris G. Lopez, Otto S. Good, Shaddox, Compere, Walraven & Good, P.C., San Antonio, for Mt. Hawley Ins. Co.

Scott P. Jones, Scott Jones & Associates, San Antonio.

Craig A. Rogers, Scott Jones & Associates, San Antonio.

John Greytok, Akin, Gump, Strauss, Hauer & Feld, L.L.P., Austin.

Before POWERS, JONES and B.A. SMITH, JJ.

JONES, Justice.

Alfred Nagel, Shirley Nagel, Johnny Mack Turner, and Labor Force, Inc. ("the insureds"), appellants, sued eleven issuers of homeowners and general liability policies ("the insurers"),[1] appellees, to recover costs incurred by the insureds in defending themselves in a suit arising out of an alleged kidnapping. The trial court granted summary judgment in favor of all the insurers. The insureds contend that summary judgment was improper because they were entitled to compensation under the doctrine of quantum meruit. We will affirm.

## BACKGROUND

On April 12, 1991, Janice Turner filed suit, individually and as next friend of her two daughters, Joda and Jonna Turner, against the four insureds: Janice's former husband, Johnny Mack Turner; Johnny Mack's mother, Shirley Nagel; Shirley's husband, Alfred Nagel; and Alfred's business, Labor Force, Inc.[2] Janice alleged that for the previous twelve years the insureds had unlawfully maintained possession of Joda and Jonna and had secreted the children from her, in part by moving frequently and living under assumed names. She sought recovery under several causes of action: false imprisonment, civil conspiracy, intentional infliction of emotional distress, negligent infliction of emotional distress, and interference with child custody.[3]

The insureds retained counsel and paid for their own defense for nine months. Finally, in January 1992, they notified the insurers of the pending suit against them, demanding coverage, a defense, and reimbursement for defense costs to that point, which totalled over $140,000. The insurers assumed the insureds' defense under a reservation of rights and eventually settled with Janice Turner at the insurers' expense. The only

---

1. The original defendants were Aetna Casualty & Surety Company, Amerisure Companies, Employers National Insurance Company, Farmers Insurance Exchange, International Indemnity Company, Kentucky Central Insurance Company, Mount Hawley Insurance Company, Transamerica Insurance Company, Elton George Insurance Company, National Lloyds Insurance Company, and Don Cast Insurance Agency. The insureds non-suited the Don Cast Agency before final judgment. The insureds reached settlements with the Transamerica, Elton George, and National Lloyds companies after final judgment, and those entities have been dismissed from this appeal, leaving the remaining seven companies as appellees.

2. Janice Turner's original petition named Johnny Mack Turner, Alfred Nagel, Shirley Nagel, and Kim Nagel as defendants. Through a series of amendments, Kim Nagel was dropped as a defendant and Labor Force, Inc., was added. Labor Force is a temporary personnel company owned by Alfred Nagel.

3. The Texas Family Code creates a cause of action for interference with child custody. Tex. Fam.Code Ann. § 36.02 (West 1986).

remaining dispute, therefore, was whether the insureds were entitled to reimbursement from the insurers for their pre-notice defense costs.[4] Concluding that they were not, the trial court granted summary judgment for the insurers.

On appeal, the insureds challenge the judgment in fourteen points of error, arguing that (1) the language of the various policies provided coverage for the claims against the insureds, thereby obligating the insurers to provide them a defense, and (2) the insurers were obligated under a theory of quantum meruit to reimburse the insureds for their pre-notice defense costs.

## DISCUSSION

■ The insureds contend that even though their insurance contracts do not provide for reimbursement of pre-notice defense costs, they are entitled to such reimbursement under the doctrine of quantum meruit. Quantum meruit is an equitable theory of recovery based on an implied agreement to pay for benefits received. *Heldenfels Bros. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex.1992). To recover under the doctrine of quantum meruit, a plaintiff must establish that: (1) valuable services or materials were furnished; (2) to the party sought to be charged; (3) which were accepted by the party sought to be charged; and (4) under such circumstances as reasonably notified the recipient that the plaintiff, in performing, expected to be paid by the recipient. *Id.* The insureds argue that since the insurers were obligated to provide a defense for them, the insureds provided a valuable service to the insurers by mounting their own defense,

and therefore the insureds ought to be reimbursed for their pre-notice defense costs.

The insureds' argument rests on two premises: first, that the insurers had an obligation to defend them; and second, that they can recover under quantum meruit for providing this defense themselves. We believe the insureds have failed to establish their second premise. Assuming without deciding that the insurers were obligated to defend the insureds, we conclude that the doctrine of quantum meruit does not require them to reimburse the insureds for pre-notice defense costs.

■ Generally, a party may recover under quantum meruit only if no express contract covers the services or materials furnished. *Vortt Exploration Co. v. Chevron U.S.A., Inc.*, 787 S.W.2d 942, 944 (Tex.1990); *Truly v. Austin*, 744 S.W.2d 934, 936 (Tex. 1988). In this case, the insurance contracts in question expressly address defense costs incurred by the insureds. All of the policies contain provisions substantially identical to the following:

> The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of the accident.[5]

Thus, the contracts specifically cover the services allegedly furnished for the insurers by prohibiting the insureds from incurring such expenses, except at their own cost. Consequently, the insureds cannot recover for such

---

4. The procedural history of this case is somewhat complex. When the insureds demanded a defense, a number of the insurers sought declaratory judgments defining their duties under their respective policies. The insureds filed third-party actions against the insurers. All of these actions were consolidated into the original suit between Janice Turner and the insureds. Once all of the claims against the insureds were settled, only the insureds' claims against the insurers remained.

5. This precise clause is contained in the International Indemnity, Kentucky Central, and Aetna policies. The language of the other policies is listed below.

Farmers Insurance Exchange: "[T]he insured will not, except at the insured's own cost, voluntarily make any payment, assume any obligation or incur any expense except First Aid Expenses."

Employers National and Mount Hawley: "The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident."

Amerisure: "No insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent."

expenses under the doctrine of quantum meruit.[6]

Having concluded that the summary judgment may be upheld on the quantum meruit issue, we need not discuss the coverage issue.

## CONCLUSION

We overrule the insureds' points of error and affirm the trial court's judgment.

---

**6.** In addition, it appears that under the facts of the present case the insureds do not meet the fourth element of a quantum meruit cause of action, because the services were not rendered under such circumstances as reasonably notified the insurers that the insureds expected to be paid by the insurers for such services.