cv5-603.Berryhill.draft 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-95-00603-CV








Richard Berryhill, Appellant




v.




Annie Fey Findeisen d/b/a Fey's Easy Wash, Appellee








FROM THE DISTRICT COURT OF COMAL COUNTY, 22ND JUDICIAL DISTRICT


NO. C94-412A, HONORABLE FRED CLARK, JUDGE PRESIDING








PER CURIAM


 Richard Berryhill brought a lawsuit in quantum meruit against Annie Findeisen to recover
$150,000. Berryhill alleged that this was the reasonable value of the services he rendered and the materials
he furnished to Findeisen. After granting an interlocutory partial summary judgment in favor of Findeisen
and hearing evidence, the trial court entered a take-nothing judgment against Berryhill. By seven points of
error, Berryhill contends that the trial court erred by granting the interlocutory partial summary judgment
and that insufficient evidence supports the trial court's findings of fact and conclusions of law. We will
affirm the trial-court judgment.


BACKGROUND


 Berryhill alleged that in September 1986, he and Findeisen made an oral agreement
whereby he would supervise the construction and manage the operation of several car washes. Berryhill
alleged that he acted on behalf of Findeisen when purchasing equipment, filing an Assumed Name
Certificate, opening bank accounts, acting as a general contractor, and doing the bookkeeping for four car
wash operations. He asserted that he worked as an agent or employee of Findeisen believing all the while
that he would be compensated for his work at some unspecified point in the future. Neither party asserted
that any agreement existed between them about when or how much Findeisen would pay Berryhill for his
services.

 Berryhill claimed he stopped working at the car washes in July 1990. In August 1992,
Berryhill began submitting to Findeisen statements of the amounts of money he claimed that she owed him
for work he performed relating to the car washes. After submitting several requests for payment, Berryhill
initiated this lawsuit on June 30, 1994, seeking to recover in quantum meruit for services he claimed he
rendered solely for Findeisen's benefit. Berryhill alleged that the reasonable value of his time and work
completed was $105,000 and the reasonable value of the materials he furnished was $45,000. Berryhill
additionally sought recovery of his attorney fees incurred when bringing the quantum meruit lawsuit against
Findeisen.

 Findeisen generally denied Berryhill's allegations and asserted the affirmative defenses of
limitations, estoppel, and waiver. After an exchange of interrogatories and requests for production,
Findeisen filed a motion for summary judgment based upon her pleaded affirmative defenses. After
considering the motion and Berryhill's response, the trial court partially granted Findeisen's summary
judgment motion. By its interlocutory order, the trial court ruled that all of Berryhill's claims regarding any
materials or services provided before June 30, 1990, were barred and that Berryhill take nothing by his
action against Findeisen for any materials or services provided before June 30, 1990. The trial court then
heard evidence on the remaining portions of Berryhill's claims for quantum meruit arising after June 30,
1990. Following a hearing, the trial court rendered judgment that Berryhill take nothing from Findeisen. 
The trial court filed findings of fact and conclusions of law.



INTERLOCUTORY SUMMARY JUDGMENT


 By point of error one, Berryhill contends that the trial court erred by granting the
interlocutory summary judgment and determining that Berryhill's claims for services rendered and materials
furnished before June 30, 1990, were barred by limitations. Initially, we note that Findeisen raised two
other grounds for summary judgment. However, the trial court's language in the summary judgment makes
clear that the sole basis for the summary judgment was the four-year statute of limitations. 

 When reviewing a summary judgment, the appellate court applies the following well-established standards:



(1) The movant for summary judgment has the burden of showing that there is no genuine
issue of material fact and that it is entitled to judgment as a matter of law;

 

(2) In deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant will be taken as true; and


(3) Every reasonable inference must be indulged in favor of the non-movant and any
doubts resolved in its favor.



Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985).

 When a defendant asserts an affirmative defense as a basis for summary judgment, the
defendant must prove conclusively all of the elements of the affirmative defense as a matter of law. 
Montgomery v. Kennedy, 669 S.W.2d 309, 310-11 (Tex. 1984). When a defendant seeks a summary
judgment based upon limitations, the defendant must prove when the cause of action accrued. Burns v.
Thomas, 786 S.W.2d 266, 267 (Tex. 1990).

 As summary judgment evidence, Findeisen submitted Berryhill's answer to interrogatory
nine to which he responded that the last time he rendered services on the car washes was in July 1990. 
Berryhill responded and submitted his own affidavit as summary judgment evidence. By his affidavit,
Berryhill explained that he worked for four years for Findeisen because he was led to believe that he would
be compensated for his work. Berryhill asked Findeisen to pay him for his contributions and she had asked
him to wait until she could sell the car washes so that Berryhill could receive more money than he was
requesting. Berryhill contends that the agreement was that when Findeisen sold the car washes he would
receive money for the work he performed. Finally, he left Findeisen's employ in July 1990 because he
could no longer afford to work without pay.

 On appeal, Berryhill contends that the trial court misapplied the four-year statute of
limitations when determining that his claims for compensation for labor and materials provided before June
30, 1990, were barred. He contends that, based upon the language in the partial summary judgment order,
the court inferentially determined that his quantum meruit claim accrued at the end of the day for each day's
work he performed for Findeisen. Berryhill asserts that because his work for Findeisen was of a continuous
nature, his quantum meruit claim did not accrue until he was prevented from continuing his tasks. Berryhill
asserts that he was prevented from doing his work only when he chose to stop working and filed his
lawsuit. Berryhill contends that consequently the four-year statute did not commence until he filed his
lawsuit. On appeal, Findeisen contends conversely that the trial court correctly determined that Berryhill's
quantum meruit claim accrued at the end of each day's work, and therefore, only claims arising since June
30, 1990, were not barred by limitations.

 When a claim for work, labor, or materials performed or furnished is the outgrowth of an
entire contract for continuous work, labor, or materials, the claim will be treated as an entire demand and
limitations will not commence to run until the work is finished. Intermedics, Inc. v. Grady, 683 S.W.2d
842, 845 (Tex. App.--Houston [1st Dist.] 1984, writ ref'd n.r.e.) (citing Thomason v. Freberg, 588
S.W.2d 821, 828 (Tex. Civ. App.--Corpus Christi 1979, no writ)). To hold that a plaintiff's cause of
action accrues after each day's work unduly fragments the time of accrual into individual tasks. Thomason,
588 S.W.2d at 828.

 While Berryhill argues that he could have continued to perform services for Findeisen up
until he filed his lawsuit against her, he did not. According to Berryhill's affidavit and his response to
Findeisen's ninth interrogatory submitted as summary judgment evidence, he last worked for Findeisen
during July 1990.

 The trial court properly applied the four-year statute of limitations. In order to escape the
statute of limitations bar and have a viable claim for all of his labor and materials, Berryhill had to show that
he performed some services for Findeisen in July 1990. As we will conclude in the sufficiency of the
evidence review, this he was unable to do. We, therefore, cannot conclude that the trial court erred when
granting the interlocutory partial summary judgment. We overrule point of error one.



SUFFICIENCY OF EVIDENCE


 By points of error two through seven, Berryhill complains about the sufficiency of the
evidence to support the trial court's findings of fact. The trial court found that no evidence was presented
showing that Berryhill provided any services to Findeisen or that he in any way enhanced the value of her
property during the month of July 1990. The trial court concluded that Berryhill was entitled to no recovery
under his sole quantum meruit cause of action.

 Berryhill contends that, contrary to the trial court's findings and conclusions, the court erred
by failing to find that (1) he provided services of value to Findeisen after June 30, 1990; (2) Findeisen knew
he was providing these services; and consequently, (3) he was entitled to recover damages for the services
he performed after June 30, 1990. Berryhill contends that the evidence at trial conclusively established
these facts as a matter of law. Additionally, Berryhill contends that the trial court's findings were so against
the great weight and preponderance of the evidence as to be manifestly unjust.

 In reviewing points of error contending that evidence exists such that factual issues are
established as a matter of law, the appellate court first examines the record for evidence that supports the
failure to find, while ignoring all evidence to the contrary. Sterner v. Marathon Oil Co., 767 S.W.2d 686,
690 (Tex. 1989). If no evidence exists to support the failure to find then the appellate court examines the
record to determine whether the proposition is established as a matter of law. Id. An appellant, attacking
the legal sufficiency of a "failure to find" issue on which he had the burden of proof, must demonstrate on
appeal that the evidence conclusively established all vital facts in support of the issue as a matter of law. 
Ritchey v. Crawford, 734 S.W.2d 85, 86 (Tex. App.--Houston [1st Dist.] 1987, no writ).

 When reviewing an "against the great weight and preponderance of the evidence" challenge,
the appellate court examines the entire record. Traylor v. Goulding, 497 S.W.2d 944, 945 (Tex. 1973). 
When an appellant attacks the factual sufficiency of a failure to find an issue on which he had the burden
of proof, the appellant must demonstrate that the failure to find is so clearly against the great weight and
preponderance of the evidence as to be manifestly unjust. Id. The standard of review requires the
appellate court to determine whether some evidence supports the failure to find, and then determine, in light
of the entire record, whether the failure to find is manifestly unjust. Id. In reviewing these points of error,
we are mindful that the fact finder was not convinced by a preponderance of the evidence. Herbert v.
Herbert, 754 S.W.2d 141, 144 (Tex. 1988). Accordingly, reversal is warranted only when the great
weight of the evidence supports an affirmative answer. Id.

 The right to recover in quantum meruit is based upon a promise implied by law to pay for
beneficial services rendered and knowingly accepted. Black Lake Pipe Line Co. v. Union Constr. Co.,
538 S.W.2d 80, 86 (Tex. 1976), overruled on other grounds by Sterner, 767 S.W.2d at 686; Nagel
v. Kentucky Cent. Ins. Co., 894 S.w.2d 19, 21 (Tex. App.--Austin 1994, writ denied). In an action for
quantum meruit a plaintiff must show: (1) valuable services were rendered and materials furnished; (2) for
the person sought to be charged; (3) which services and materials were accepted by the person sought to
be charged; (4) under such circumstances as reasonably notified the person sought to be charged by the
plaintiff who, in performing such services, was expected to be paid by the person sought to be charged. 
Thomason, 588 S.W.2d at 829.

 By points of error two and four, Berryhill complains about the trial court's finding that he
did not provide any services for the benefit of Findeisen during the month of July 1990. By points of error
three and six, Berryhill contends that the trial court erred in failing to find that Findeisen knew that Berryhill
was providing services and materials to her after June 30, 1990.

 Berryhill testified at trial that the last work he performed for Findeisen was in the first two
weeks in July 1990. However, Berryhill was unable to recall specifically what services or materials he had
performed or provided during the two week period. He could only speculate about what he had done
during those first two weeks of July. Berryhill's step-father, Darrell McVey, testified that he began working
for Findeisen in 1988. Findeisen paid him weekly to do maintenance work for her. His duties included
attending to the car washes. McVey explained that he performed general electrical and plumbing work and
kept the car washes clean. While Berryhill generally explained the work he performed during his four-year
association with Findeisen, there exists no evidence in the record about what he did specifically during the
first two weeks of July 1990. Additionally, there exists no evidence in the record that Findeisen had
knowledge about any services or materials Berryhill provided to her during the month of July 1990.

 We conclude that the trial court's findings of fact and conclusions of law were supported
by sufficient evidence. Berryhill testified vaguely about when he performed any work and what services
he performed during the month of July 1990. His testimony about the tasks he performed for Findeisen
generally during his association with her over a four-year period did not establish the fact that he performed
any services for her during July 1990. Berryhill's initial burden was to present evidence to the trial court
that he performed work and provided services to Findeisen during July 1990. Based upon the evidence
presented, the trial court did not err in determining that Berryhill did not perform work for Findeisen during
July 1990. Additionally, Berryhill failed to establish that Findeisen knew about any of Berryhill's alleged
involvement with the car washes during July 1990. We overrule points of error two, three, four and six.

 By point of error five, Berryhill contends that the trial court erred by failing to find that he
was entitled to recover damages for the services he performed for Findeisen after June 30, 1990. Because
Berryhill failed to show any particular services or benefits he provided for Findeisen's benefit during the
month of July 1990, he is not entitled to recover damages. We overrule point of error five.

 By point of error seven, Berryhill contends that the trial court's conclusion of law that he
was not entitled to recover damages under the theory of quantum meruit is erroneous. Based upon our
disposition of points of error two through five, we overrule Berryhill's seventh point of error.



CONCLUSION


 We affirm the trial court's judgment.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: September 11, 1996

Do Not Publish



at
weight of the evidence supports an affirmative answer. Id.

 The right to recover in quantum meruit is based upon a promise implied by law to pay for
beneficial services rendered and knowingly accepted. Black