IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-097-CV





FAY ZEMAN,



 APPELLANT


vs.





NELSON H. SUCARICHI, JR. AND WIFE, BRENDA SUCARICHI,



 APPELLEES


 




FROM THE DISTRICT COURT OF BASTROP COUNTY, 335TH JUDICIAL DISTRICT



NO. 19,009, HONORABLE JOHN L. PLACKE, JUDGE PRESIDING



 





PER CURIAM



 Appellant Fay Zeman appeals from a judgment of the district court of Bastrop
County that awarded her the amount of $1057 on her claim in quantum meruit for services
rendered appellees Nelson H. Sucarichi, Jr., and Brenda Sucarichi. The trial court denied her
request for additional relief in the amount of $7300. We will affirm the judgment of the trial
court.

 Zeman agreed to act as contractor for the Sucarichis in obtaining interim financing
from the First National Bank of Bastrop for construction of a house. Zeman asserted that the
parties agreed that the Sucarichis would have the use of her credit at the bank for a ninety-day
period, beginning in December 1985. By the time they finished the house, the Sucarichis were
to secure permanent financing to pay off the note at the bank. They did not finish the house until
the summer by which time they had not obtained permanent financing. In April 1987, the house
burned and the Sucarichis used insurance proceeds to pay the amount owed the bank. Zeman then
filed suit to recover, in quantum meruit, the amount of $7300, the value of the use of her services
after the original ninety-day term; and the amount of $1057, the cost of cleaning the property after
the fire. After a bench trial, the court rendered judgment awarding Zeman $1057.

 Recovery in quantum meruit is "based upon the promise implied by law to pay for
beneficial services rendered and knowingly accepted." Black Lake Pipe Line Co. v. Union Const.
Co., 538 S.W.2d 80, 86 (Tex. 1976). The remedy does not arise out of a contract, but is
independent of it. Vortt Exploration v. Chevron U.S.A., 787 S.W.2d 942, 944 (Tex. 1990). To
recover, a claimant must prove:



(1) that valuable services were rendered or materials furnished;


(2) for the person sought to be charged;


(3) which services and materials were accepted by the person sought to be
charged, used and enjoyed by him;


(4) under such circumstances as reasonably notified the person sought to be
charged that the plaintiff in performing such services was expecting to be
paid by the person sought to be charged.



Id., at 944; Bashara v. Baptist Memorial Hosp. Sys., 685 S.W.2d 307, 310 (Tex. 1985).

 On appeal, Zeman contends that the trial court erred in not awarding her $7300
recovery on her quantum meruit claim for two reasons: (1) the Sucarichis did not offer any
evidence in defense of the claim; and (2) the great weight and preponderance of the evidence
established the necessary elements for recovery in quantum meruit. We understand Zeman to
assert that she established her quantum meruit claim as a matter of law and that the findings in
support of the judgment were against the great weight and preponderance of the evidence. (1) See
generally Michol O'Connor, Appealing Jury Findings, 12 Hous. L. Rev. 65, 66-67 (1974). 

 In deciding whether Zeman established her claim as a matter of law, we must first
consider any evidence that supports the fact-finder's answer and, if there is no evidence to support
it, examine the entire record to determine whether the contrary proposition was established as a
matter of law. Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690-91 (Tex. 1989). In
determining the great weight and preponderance point, we must consider all the evidence and
should set aside the judgment only if it is so contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust. Cropper v. Caterpillar Tractor Co., 754 S.W.2d 646 (Tex.
1988); Pool v. Ford Motor Co., 715 S.W.2d 629 (Tex. 1986).

 Zeman states that the evidence showed that she rendered valuable services, after
the time agreed upon, to the Sucarichis who accepted, used and enjoyed such services and that
they "knew such services were usually done with an expectation of being paid." Zeman,
however, was required to prove that the Sucarichis accepted the services "under such
circumstances as reasonably notified [the Sucarichis] that [Zeman] in performing such services
was expecting to be paid by [the Sucarichis]." (2) See Vortt Exploration, 787 S.W.2d at 944; City
of Ingelside v. Stewart, 554 S.W.2d 939, 944 (Tex. Civ. App. 1977, writ ref'd n.r.e.).

 Zeman testified that she and the Sucarichis agreed that she would act as contractor
to enable them to obtain interim financing from the bank; that she did not ask them for payment;
that they agreed to build the house within ninety days and she agreed to "let him use [her] credit
for 90 days"; that the Sucarichis had the use of her credit until July 1987, until which time she
could not use the amount of $76,169.49 as personal credit; and that Nelson Sucarichi knew she
was unable to use her credit. Zeman testified further that nothing about their relationship would
lead Mr. Sucarichi to believe that her services beyond the agreed ninety-day term were free; and
that, when she did ask for payment, he refused. On cross-examination, she testified that the
written mechanic's lien contract was for a term of one-hundred eighty days and that the ninety-day
term was an oral understanding.

 Nelson Sucarichi testified no agreement existed regarding the arrangement whereby
Zeman would be the contractor; that she never said anything about fees or compensation; that he
understood that contractors were usually paid for their services; that he received the benefit of
Zeman's credit for twenty months; and that he did not expect to pay Zeman any money in
exchange for her services as a contractor. When asked why Zeman did act as contractor, he
answered, "Well, we were friends. I did a bunch of houses for her, sheetrock work, which I
never did any houses; and she told me that she would help me find the property to build a house
and . . . that she would help me get the financing." He testified further that she did not mention
payment until after the fire.

 The evidence, set out above, is conflicting as to whether the circumstances were
such as reasonably to notify the Sucarichis that Zeman expected them to pay for her services. We
cannot conclude either that Zeman established the necessary facts as a matter of law or that the
court's failure to find the necessary facts was not so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. See Herbert v. Herbert, 754 S.W.2d 141, 144 (Tex.
1988). We overrule points of error one and two.

 The judgment of the trial court is affirmed.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: October 9, 1991

[Do Not Publish]

1.   Zeman did not request and the trial court did not file findings of fact and conclusions
of law. See Tex. R. Civ. P. Ann. 296, 297 (Supp. 1991). In the absence of findings and
conclusions, the trial court judgment implies all necessary fact findings in support of the
judgment. In the interest of W.E.R., 669 S.W.2d 716, 717 (Tex. 1984). Because Zeman did not
recover on her claim for $7300, we consider these findings as the trier of fact's failure to find.
2.   In her brief, Zeman does not address each of the four elements necessary to recover in
quantum meruit separately. Our review of the record shows that the evidence as to the
fourth element conflicts; therefore, we review the evidence pertaining to that element.