Hammack v. Hartland Bank 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-028-CV





WAYNE HAMMACK,



 APPELLANT


vs.





HARTLAND BANK, N.A.,



 APPELLEE



 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL DISTRICT



NO. 89-091-C277, HONORABLE ROBERT C. WRIGHT, JUDGE PRESIDING



 





 Wayne Hammack, appellant, sued Hartland Bank, N.A. ("the Bank"), appellee, for
negligence and breach of a claimed duty of good faith and fair dealing in connection with the
Bank's failure to renew one of Hammack's promissory notes to the Bank and its foreclosure on
collateral securing that note. The jury failed to find that the Bank was negligent or that it had
breached a duty of good faith and fair dealing. Based on the jury's verdict, the trial court
rendered a take-nothing judgment against Hammack. On appeal, Hammack raises three points
of error, in which he asserts that the jury's non-findings are against the great weight and
preponderance of the evidence and that the trial court erred in overruling Hammack's objection
to the testimony of a witness. Concluding that these points are without merit, we will affirm the
trial court's judgment.



FACTUAL AND PROCEDURAL BACKGROUND


 In July 1983, Hammack established a banking relationship with the Bank. 
Hammack purchased stock in the Bank, and the Bank began loaning money to Hammack. On
December 19, 1983, the Bank loaned Hammack $100,000, evidenced by a one-year promissory
note and a deed of trust to Hammack's ranch. Although the Bank loaned other monies to
Hammack, the $100,000 note ("the note") is at the center of this dispute.

 The note was periodically renewed until 1987. On March 19, 1987, the Bank
notified Hammack that the note was due. Following this notice, on April 7, the Bank demanded
interest, attorney's fees, and a principal reduction on the note. On April 28, the Bank notified
Hammack that foreclosure on the property securing the note was scheduled for June 2.

 The Bank did not, however, foreclose on the ranch on June 2. Instead, the Bank
again posted the property for foreclosure on two subsequent occasions: one on August 10,
scheduling foreclosure for September 1, and another on September 11, scheduling foreclosure for
October 6. The trustee foreclosed on the property under the deed of trust on October 6, 1987.

 Although many of the facts are not seriously disputed, Hammack's complaints on
appeal center around a controverted series of events. In particular, Hammack contends that, at
the note's execution, the Bank promised to renew the note annually; Hammack also asserts that
in March 1987 the Bank promised to renew the note if Hammack paid the interest then due. The
Bank denies promising Hammack that it would renew the note annually, but admits that in March
it agreed to renew the note on payment of all accrued interest. Hammack contends that he
tendered the interest then due on the note to the Bank and that the Bank refused to accept it. The
Bank denies that Hammack made any tender; in the alternative, it asserts that any tender he did
make was insufficient to cover the interest.



DISCUSSION


 In his first two points of error, Hammack complains that the evidence is factually
insufficient to support the jury's verdict. In point of error one, Hammack contends that the jury's
failure to find that the Bank was negligent is against the great weight and preponderance of the
evidence. In point of error two, Hammack makes the same complaint about the jury's failure to
find that the Bank breached its duty of good faith and fair dealing.

 When reviewing a jury verdict to determine the factual sufficiency of the evidence,
we must consider and weigh all the evidence and should set aside the judgment only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Cain v.
Bain, 709 S.W.2d 175, 176 (Tex. 1986); In re King's Estate, 244 S.W.2d 660, 661 (Tex. 1951);
see generally William Powers, Jr. & Jack Ratliff, Another Look at "No Evidence" and
"Insufficient Evidence," 69 Tex. L. Rev. 515 (1991). Where the complaint is of a jury's failure
to find, we must be mindful that the jury was not convinced by a preponderance of the evidence. 
Herbert v. Herbert, 754 S.W.2d 141, 144 (Tex. 1988). We are not entitled to reverse merely
because we conclude that the evidence preponderates toward an affirmative answer, but rather,
reversal is warranted only when the great weight of the evidence supports an affirmative answer. 
Id.

 In his negligence claim, Hammack asserted that the Bank failed to use ordinary care
in connection with the following conduct: (1) representing that the Bank would continue to renew
the note on payment of interest; (2) representing in March 1987 that the Bank would not follow
through with its scheduled foreclosure if Hammack paid the interest then due on the note;
(3) leading Hammack to believe that he would be protected, and would not lose his substantial
investments, as long as he paid the interest on the note; (4) refusing to accept Hammack's tender
of interest on the note after it had agreed to do so; and (5) forcing Hammack to enter into a
contract for the sale of the ranch, when Hammack did not desire to do so. Furthermore,
Hammack argues that the Bank established a "standard of conduct" in annually renewing the note
and he reasonably expected this "standard of conduct" to continue. Therefore, Hammack asserts,
the Bank was negligent "insofar as it failed, in 1987, to exercise the care that it had exhibited to
Hammack for the period 1983 through 1987."

 To support his contentions, Hammack points to his own testimony that the Bank
represented it would continue to renew the note on payment of interest, that he tendered the
interest then due on the note to the Bank on June 1, and that the Bank forced him to enter into a
contract for the sale of the ranch to a neighbor, Mr. Lyda. However, Hammack's testimony is
not the only evidence in the record regarding these crucial facts. Jack Buchanan, who was the
Bank's president during the above-described events, testified that, at the time of the execution of
the note, he did not promise to renew the note annually on payment of interest. He admits,
however, that in March 1987 he promised to renew the note on payment of the interest then due. 
Buchanan also testified that Hammack never tendered the interest payment. Furthermore,
Buchanan denied forcing Hammack to enter into a contract for the sale of his land to his neighbor,
instead asserting that Hammack merely informed him that he was going to sell the ranch to pay
off the debt.

 After reviewing the entire record, and in light of the conflicting evidence
surrounding the alleged representations and tender of interest, we conclude that the jury's failure
to find negligence was not so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. We overrule Hammack's first point of error.

 The events described above also form the basis for Hammack's second point of
error, regarding the jury's failure to find that the Bank breached a duty of good faith and fair
dealing. Hammack states in his brief, "It is inconceivable that it could be considered good faith
and an act of fair dealing on the part of the Bank for it to go back on its agreement to dispense
with foreclosure proceedings upon payment of the interest due." Hammack also claims that the
Bank did not dispute his testimony that he tendered the interest to the Bank. The record,
however, reflects the contrary.

 Hammack points to the following testimony of Buchanan to support his claim that
the Bank does not dispute the tender:



Q: And when Mr. Hammack then tendered you the -- he deposited -- you are
aware, are you not, that he deposited $10,000 into his account in order to pay
the interest in June?


A: $10,000 would have made a partial payment.


Q: Yes.


A: There was significantly more interest than that due.


Q: There was just one payment -- one deposit that was made on that date, and
there were other accounts that he had there. I'm just talking about ten into one
of the accounts.


A: I recall a $10,000 deposit.


Q: And do you recall that he tendered you the -- that he said he could pay the
interest at that time, and you told him no, he had to go through with his
contract with Lyda?


A: No, sir.


Q: Do you deny telling him that, or you just simply don't recall?


A: I don't recall telling him that.



 This testimony is ambiguous at best. A reasonable interpretation is that Buchanan
testified he did not recall telling Hammack that he had to go through with his contract with Lyda. 
The question posed to Buchanan and his answer concern what he told Hammack; they do not
necessarily encompass Hammack's tender of interest.

 In other testimony, Buchanan testified that although he was aware Hammack had
deposited $10,000 into one of his accounts at the Bank, Hammack never offered to pay the
interest. Buchanan also testified that $10,000 would not have been enough to cover the total
amount of interest due. Although Hammack repeatedly testified that he "tendered" the interest
to the Bank, his testimony related solely to the deposit of $10,000 on June 2. This deposit was
withdrawn June 5. Furthermore, although Hammack admits $10,000 would not have covered the
interest, he did not testify specifically about any additional amounts he tendered.

 Again, after reviewing the entire record, and in light of the conflicting evidence
surrounding the tender of interest, we conclude that the jury's failure to find a breach of the duty
of good faith and fair dealing was not so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust. We overrule Hammack's second point of error.

 Hammack's third point of error complains that the trial court erred in overruling
his relevancy objection to the testimony of a witness who did not have personal knowledge of the
events in dispute. The witness, Tim Harris, testified that it would be unusual for a banker to
promise to renew a note in advance. Hammack complains that the testimony was irrelevant. 
Hammack further asserts that the testimony was offered to establish that, at the note's execution,
Buchanan had not promised to renew the note annually on payment of interest.

 The record shows that the testimony was offered to prove what was ordinary and
reasonable within the field of banking. Harris was an expert witness, having testified that he was
currently the Bank's president, had a graduate degree in banking, and had been employed in the
field of banking for twenty years. Hammack alleged that the Bank was negligent in promising to
renew the note annually on payment of interest. In determining whether the Bank was negligent,
testimony as to what is reasonable and ordinary within the field of banking is relevant.

 Moreover, even if the testimony should have been excluded, we cannot say that its
admission was reasonably calculated to cause and probably did cause rendition of an improper
judgment. Therefore, any error would not require reversal. Tex. R. App. P. 81(b)(1). We
overrule Hammack's third point of error.



CONCLUSION


 The judgment of the district court is affirmed.



 J. Woodfin Jones, Justice

Before Justices Powers, Jones, and Kidd

Affirmed

Filed: November 3, 1993

Do Not Publish