**AFFIRMED and Opinion Filed June 7, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00022-CV

## AMANDA L. EMBRY, Appellant

### V.
## JOSE S. MARTINEZ, Appellee

### On Appeal from the 162nd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. DC-17-10705

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Pedersen, III, and Goldstein
Opinion by Justice Goldstein

Appellant Amanda L. Embry appeals the trial court's judgment awarding money damages for personal injuries sustained by Appellee Jose S. Martinez. Embry presents three issues on appeal: [1] whether the jury charge was legally incorrect for failing to comply with the Texas Proportionate Responsibility statute, resulting in the rendition of an improper verdict; [2] whether the jury's answer to Question No. 1 finding Embry's negligence was a proximate cause of the collision

was contrary to the overwhelming weight of the evidence; and [3] whether the jury's answer to Question No. 2 assigning 82.5% of the responsibility to Embry was against the great weight and preponderance of the evidence. Martinez argues that Embry failed to preserve all issues for appeal. We affirm the trial court.

## BACKGROUND

This negligence case arises out of an automobile collision that occurred on June 19, 2017, at the intersection of W. Miller Road and S. Garland Avenue in Dallas. Martinez filed suit alleging that Embry's negligence caused the collision, and that Martinez suffered injuries and damages as a result. Embry denied fault and sought apportionment of responsibility under Chapter 33 of the Texas Civil Practice and Remedies Code. The case was tried before a jury and submitted on three questions—negligence, proportionate responsibility, and damages. Neither party lodged objections to Question Nos. 1 or 2. In response to Question No. 1 of the charge, the jury found that the collision was caused by the negligence of both Embry and Martinez. Question No. 2 asked the jury to assign percentages of responsibility to each party found negligent in Question No. 1, which must total 100%. The jury attributed 82.5% of responsibility for the collision to Embry and 17.5% to Martinez. Martinez moved for the entry of judgment. Embry responded and moved for a new trial, alleging the jury's verdict was not supported by sufficient evidence. The trial court entered judgment on the jury verdict, reducing the damages awarded to

2

Martinez by his percentage of responsibility. Embry timely filed an amended motion for new trial ("Motion") that included a challenge to the jury charge and Martinez responded. The trial court denied Embry's Motion and Embry timely appealed.

## ANALYSIS

### I. Jury Charge Error

In her first issue, Embry asserts that the jury charge failed to comply with the Texas Proportionate Responsibility statute because it omitted mandatory statutory language that the trier of fact "shall" determine the percentage of responsibility "stated in whole numbers." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 33.003(a). Rather than use whole numbers, the jury assigned 82.5% of fault to Embry and 17.5% to Martinez. Martinez asserts that Embry failed to preserve this issue for appeal. We agree.

To preserve error on a jury-charge issue, a party must object to the court's charge, either in writing or on the record, before the court reads the charge to the jury or the objection is waived. *See* TEX. R. CIV. P. 272; *King Fisher Marine Serv., L.P. v. Tamez*, 443 S.W.3d 838, 843 (Tex. 2014). "Any complaint as to a question, definition, or instruction, on account of any defect, omission, or fault in pleading, is waived unless specifically included in the objections." TEX. R. CIV. P. 274; *see Burbage v. Burbage*, 447 S.W.3d 249, 256 (Tex. 2014). Objections to the court's charge raised in a motion for a new trial are untimely and preserve nothing for

review. *Mitchell v. Bank of America*, *N.A.*, 156 S.W.3d 622, 627-28 (Tex. App.—Dallas 2004, pet. denied); *see also Wackenhut Corp. v. Gutierrez*, 453 S.W.3d 917, 919–20 & n. 3 (Tex. 2015) (objection to wording of charge untimely after charge read to the jury).

While each party submitted a proposed jury charge that included the language "[t]he percentages must be expressed in whole numbers," the sentence was omitted in the final charge submitted to the jury, with no objections as to the omission. We disagree with Embry that the omitted charge language constitutes "fundamental error" excusing her failure to preserve the complaint for appeal. The "fundamental error" exception applies to cases where jurisdiction is lacking or an issue affects the broader public interest. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 511-13 (Tex. 2018). Embry raises no jurisdictional concern and acknowledges that there is a dearth of case law establishing that omission of similar statutory language from a jury charge constitutes fundamental error. The *USAA* Court makes clear that "public interest" means "adversely affects the public's (as opposed to the current parties') interests." *USAA*, 545 S.W.3d at 512. Embry fails to demonstrate how the broader public interest is adversely affected by the omitted language in her charge instructions.

When a trial court refuses to submit a requested instruction that is proper, we reverse only if the charge error probably caused the rendition of an improper

4

judgment or prevented proper presentation of the case on appeal. *See* TEX. R. APP. P. 44.1, 61.1; *Emerson Electric Co. v. Johnson*, No. 18-1181, 2021 WL 1432226, at *7-8 (Tex. April 16, 2021) (where proper design-defect charge should have included omitted language, remand not required because omission not harmful). Any finding that Martinez was more than 50% at fault for the collision would have prevented him from recovering any damages. TEX. CIV. PRAC. & REM. CODE ANN. § 33.001. The percentage allocation was not close to fifty percent. The jury found the evidence sufficient to find Embry 82.5% at fault. Assuming the omitted statutory language was charge error, and assuming the jury would have rounded Embry's percentage of liability down rather than up if properly instructed, Embry fails to demonstrate that liability for 82.5% rather than 82% of responsibility caused a different result in her case. The record does not support reversal. We overrule Embry's first issue.

## II. Factual Sufficiency – Issues Two and Three.

Embry's second issue contests the jury's negligence finding in Question No. 1 of the charge as being so contrary to the overwhelming weight of the evidence that the verdict was clearly wrong and manifestly unjust. In her third issue, Embry asserts that the percentages of responsibility assigned to Embry and Martinez in response to Question No. 2 were against the great weight and preponderance of the evidence.

5

## A. Error Preservation

Martinez argues that Embry failed to preserve any *factual* sufficiency challenges for appeal, maintaining that the issues Embry submitted in her Motion were limited to *legal* sufficiency. To preserve a factual sufficiency challenge for appeal, a party must present the specific complaint to the trial court in a motion for new trial. *See* TEX. R. CIV. P. 324(b)(2), (3); *In re Interest of A.R.M.*, 593 S.W.3d 358, 362 (Tex. App.—Dallas 2018, pet. denied) (mem. op.). Under Rule 324(b), both "(2) A complaint of factual insufficiency of the evidence to support a jury finding" and "(3) A complaint that a jury finding is against the overwhelming weight of the evidence" are *factual* sufficiency complaints, differentiated by whether the complaining party had the burden of proof. TEX. R. CIV. P. 324(b)(2), (3); *Cecil v. Smith*, 804 S.W.2d 509, 510-12 (Tex. 1991); *EYM Diner L.P. v. Yousef*, No. 05-19-00636-CV, 2020 WL 6883171, at \*5-6 (Tex. App.—Dallas Nov. 24, 2020, no pet. h.) (mem. op.). To determine whether an issue was waived, we look not only to the wording of the issue, but also to the argument under each heading to assess the intent of the parties. *Lion Copolymer Holdings, L.L.C. v. Lion Polymers, L.L.C.*, 614 S.W.3d 729, 732-33 (Tex. 2020).

Although Embry's Motion did not use the label "factual sufficiency," she complains that there is insufficient evidence to support the jury's negligence finding in Question No. 1, for which Martinez has the burden of proof. Tex. R. Civ. P.

324(b)(2). In reviewing such a *factual* sufficiency complaint, we consider all the evidence and will set aside the verdict only if the evidence supporting a jury finding is so weak or so contrary to the *overwhelming weight of all the evidence* that the answer should be set aside. *Crosstex N. Tex. Pipeline, L.P. v. Gardiner*, 505 S.W.3d 580, 615 (Tex. 2016) (emphasis added). Embry's Motion asserts there was "*insufficient evidence*" to support the jury's finding of her negligence in Question No. 1 and "*overwhelming evidence presented at trial*" of Martinez's negligence (emphasis added). Embry's Motion then compares the evidence presented by both parties. The Texas Supreme Court recently held that a factual sufficiency complaint was preserved for review where a party cited the legal sufficiency standard, that certain evidence constituted "no more than a scintilla of evidence," but the legal sufficiency analysis was intertwined with weighing pieces of evidence against countervailing evidence. *Lion Copolymer Holdings,* 614 S.W.3d at 733 (remanding case for factual sufficiency review not performed by intermediate appellate court). Embry preserved her challenge to the jury finding on Question No. 1.

Embry challenges the jury's assignment of proportionate responsibility percentages in Question No. 2, for which she has the burden of proof, as being "against the great weight and preponderance of the evidence." Tex. R. Civ. P. 324(b)(3). When a party attacks the *factual* sufficiency of an adverse finding on an issue upon which she had the burden of proof, she must demonstrate that the adverse

7

finding was so *against the great weight and preponderance of the evidence* that it is clearly wrong and unjust. *Babiy v. Kelley*, No. 05-17-01122-CV, 2019 WL 1198392, at \*2 (Tex. App.—Dallas Mar. 14, 2019, no pet.) (mem. op.) (citing *Dow Chem. Co. v. Francis* 46 S.W.3d 237, 242 (Tex. 2001)) (emphasis added). Embry's Motion clearly challenges the factual sufficiency of evidence to support the jury finding on Question No. 2. Accordingly, we hold that Embry preserved Issues Two and Three for our review.

### B. Factual Sufficiency Analysis

In a factual sufficiency review, appellate courts must examine the evidence that both supports and contradicts the jury's verdict in a neutral light. *Wise v. SR Dallas, LLC*, 436 S.W.3d 402, 408 (Tex. App.—Dallas 2014, no pet.) (citing *Dow*, 46 S.W.3d at 242). The amount of evidence necessary to affirm a judgment is far less than that necessary to reverse, as we may not reverse a verdict merely because we conclude that the evidence preponderates toward a different answer. *Bright v. Addison*, 171 S.W.3d 588, 595 (Tex. App.—Dallas 2005, pet. denied); *Herbert v. Herbert*, 754 S.W.2d 141, 144 (Tex. 1988). If we find the evidence factually insufficient, we must detail how the contrary evidence greatly outweighs the evidence supporting the verdict, and clearly state why the jury's finding is factually insufficient or so against the great weight and preponderance of the evidence as to be manifestly unjust, shock the conscience, or clearly demonstrate bias. *Windrum*

8

*v. Kareh*, 581 S.W.3d 761, 781 (Tex. 2019); *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003) (citing *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986)).  As the facts are predominately the same in support of each answer challenged in Issues Two and Three, we address them together.

Martinez had the burden to adduce evidence showing it was more likely than not that Embry's negligence was a substantial factor in causing the collision and that his damages resulted from that negligence.  TEX. CIV. PRAC. & REM. CODE ANN. § 33.002; 33.003; *Bustamante v. Ponte*, 529 S.W.3d 447, 456 (Tex. 2017).  To recover damages, Martinez's percentage of responsibility for causing the collision could not exceed 50%.  TEX. CIV. PRAC. & REM. CODE ANN. § 33.001.  Embry argues the evidence was insufficient to support the jury findings that she was negligent and 82.5% responsible because the overwhelming weight of the evidence showed Martinez was the primary cause of the collision due to his intoxication.  The jury's finding that Embry was negligent could be set aside only if the evidence supporting the finding is so weak and contrary to the overwhelming weight of all evidence that the verdict is clearly wrong and manifestly unjust.  *Wise*, 436 S.W.3d at 408 (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986)).  The jury's apportionment of fault could be set aside only if the finding is so against the great weight and preponderance of all evidence that it is manifestly unjust, shocks the conscience, or clearly demonstrates bias.  *Windrum*, 581 S.W.3d at 781; *Golden Eagle*, 116 S.W.3d at 761.

9

The jury was presented with conflicting evidence. Embry testified that:

- On the date of the incident, Embry was taking her regular route home from work heading East on Miller Road at 45 miles per hour and was not distracted by eating, drinking, or her cellphone.

- As she approached the intersection of Miller Road and Garland Avenue, there was nothing obstructing her view of the green traffic light that she planned to drive through.

- She saw Martinez approaching from the opposite direction and merge into the lane to make a left turn.

- Martinez never stopped his car and instead began turning in front of Embry, so she hit her brakes and attempted to hit her horn and swerve out of the way.

- After the accident, she noticed Martinez was in his car on his phone.

- Three or four police officers arrived quickly.

- Embry stayed at the scene for close to an hour, gave her account of the accident to a police officer, and did not observe Martinez receiving any sort of aid by emergency personnel or a police officer.

Embry introduced the police report, reflecting Martinez as a "contributing factor" of the collision for failure to yield right of way.[1] The report indicates Martinez was treated at the scene by the Garland Fire Department, no drug or alcohol specimen was taken, and that the speed limit on Miller Road was 40 miles per hour.

---

[1] Failure to yield the right of way does not, in and of itself, establish negligence. *Bentley v. Snodgrass*, No. 10-17-00319-CV, 2018 WL 4623940, at *2-3 (Tex. App.—Waco Sept. 26, 2018, no pet.) (mem. op.) (evidence factually sufficient to support jury finding that Snodgrass did not cause collision where police report found Snodgrass failed to yield the right of way and Snodgrass himself admitted failure to yield as well as financial responsibility for damages).

10

Martinez testified at trial that he was returning to work as a mechanic's helper after purchasing spare parts, and as he approached the intersection, the light was red and he stopped his car. When the green arrow to turn left came on, he moved ahead and then felt the impact of the collision. His airbag deployed and he could not move, so he remained in his car until the police arrived and helped him out of the car. Martinez stated that his boss picked him up from the accident scene and drove him to work at the mechanic's shop. He could not work due to his injuries, so after ten minutes his boss's son drove him home. Martinez said that he was home for about half an hour before his wife took him to Parkland Hospital for treatment. Martinez testified that he remembered having his blood drawn at Parkland Hospital.

Parkland Hospital's medical records contained a diagnosis of alcohol intoxication and reflected that Martinez had noticeable hand tremors and smelled of alcohol. Parkland's records further reflected that Martinez denied binge drinking, that his reliability appeared questionable because his self-reported alcohol use was inconsistent with toxicology results, and that his ability was impaired because he was inebriated. Martinez denied consuming alcohol on the day of the collision–only on the day before, a Sunday. To explain the "alcohol smell," Martinez testified that he sometimes spills fluids on his clothing from his work as a car mechanic. Martinez identified inconsistencies in his hospital records that also described him as

11

alert, oriented, and having no issues with sensory or motor skills, and reflected that he had a 9 lb. weight gain in one day.

Embry presented a toxicology expert who interpreted the results of two blood alcohol tests given to Martinez at Parkland Hospital. The expert explained that the first test from blood drawn approximately two-and-a-half hours after the collision showed a blood alcohol concentration of 0.29 grams per 100 milliliters of blood, which suggested Martinez's blood alcohol level was over three times the 0.08 gram legal limit for intoxication. Based on this test and a rate of metabolism, the expert calculated that Martinez would have been severely intoxicated at the time of the collision, with a blood alcohol level of 0.34 grams, four times the legal limit. The expert opined that an average person with this blood-alcohol level would be unconscious and close to death, but a person who consumes alcohol on a regular basis can develop a tolerance that allows them to function and even drive a car. The expert concluded that, at the time of the collision, Martinez was severely intoxicated and even with a tolerance would not have had normal use of his mental and physical faculties.

The jury may believe one witness and disbelieve another. *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 697 (Tex. 1986); *Harrison v. Baldock*, No. 05-97-02072-CV, 2000 WL 31805, at *2 (Tex. App.—Dallas Jan. 18, 2000, no pet.) (not designated for publication) (jury could have believed one party's excessive speed

rather than other's failure to yield caused the impact). The jury may believe lay testimony over that of experts. *McGalliard*, 722 S.W.2d at 697. On this record, when viewing all of the evidence in a neutral light, we cannot conclude that there is insufficient evidence to support the jury's answer to Question No. 1 or that the jury's failure to attribute more responsibility to Martinez in Question No. 2 is so against the overwhelming weight and preponderance of the evidence that it is clearly wrong and unjust. *See Crosstex, 505 S.W.3d at 615; Dow,* 46 S.W.3d at 242.

There was factually sufficient evidence to support the jury's answers to Question Nos. 1 and 2. The trial court did not err in entering judgment on the jury verdict. Accordingly, we overrule Issues Two and Three and affirm the trial court's judgment.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

200022F.P05

13



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

AMANDA L. EMBRY, Appellant

No. 05-20-00022-CV     V.

JOSE S. MARTINEZ, Appellee

On Appeal from the 162nd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-17-10705. Opinion delivered by Justice Goldstein. Justices Partida-Kipness and Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 7th day of June 2021.